Dodge *v.* Way.

---

SPENCER DODGE *v.* LOREN WAY.

In order to constitute a distraining of personal property, by a collector of taxes, the collector must, either by himself, or his servant, take and maintain the actual custody and control of the property.

The plaintiff, who was a collector of taxes, having a tax against the defendant, went on to a farm, which was owned and possessed by a third person, but on which was a quantity of grain and other property, belonging to the defendant, and, having examined the grain, &c., but without removing or in any way interfering with it, informed the owner of the farm that he had distrained the property for the payment of the defendant's taxes, and re-

58

quested the owner of the farm to keep the property for him; this the owner of the farm declined doing, but agreed to give information of the distress to the defendant, who was then absent, upon his return; and he did do so. And it was held, that the plaintiff did not thereby acquire sufficient possession of the property, to enable him to sustain an action of trespass against the defendant, who consumed the property, without regard to any lien created by the plaintiff.

TRESPASS for taking a quantity of grain and a *harness.* Plea, the general issue, and trial by the court,—REDFIELD, J., presiding.

It appeared, on trial, that the plaintiff, who was a collector of taxes, having taxes against the defendant, went to a farm, which had then recently been owned by the defendant, but which he had sold to one Smith, who then lived on the farm, the defendant, however, having permission to remain temporarily upon the farm, and having there cattle, hay, &c., besides the property in question; that the defendant was then absent, and Smith informed the plaintiff of that fact, and also of the situation of the defendant's property; that the grain in question had then recently been threshed and lay in piles about the barn and granary, and the plaintiff, after examining the property, but not removing it, nor in any way interfering with it, informed Smith, that he had distreined the property, and *requested* Smith to keep it for him; that Smith declined doing this, but agreed to inform the defendant of the distress, when he returned; and that the defendant was informed of it by Smith upon his return, which was the same day. And it appeared, that the defendant continued to use and dispose of the property, without regard to the distress.

Upon these facts the county court held, that the plaintiff had not taken sufficient possession of the property to entitle him to maintain trespass against the defendant. Exceptions by plaintiff.

*J. A. Wing* for plaintiff.

Smith was the person in possession of the premises, when the property was taken. The plaintiff notified him, that he had distreined the property, and he gave notice to the defendant. It is never necessary for the officer to lay his hand upon the property. If he go in sight of it, with his precept, and request his agent, or servant, to give notice that he has attached it, this is a sufficient taking possession. *Lyon v. Rood,* 12 Vt. 233. If an officer assumes the

control and possession of the property, he makes himself liable in trespass. *Hart* v. *Hyde*, 5 Vt. 328. In this case the plaintiff assumed the control of the property, and requested Smith to take care of it. If, after this notice to Smith, any other officer had attached the property, having notice from Smith of the distreining by the plaintiff, the plaintiff would have held the property. The defendant is certainly in no better position, in this respect, than another officer would have been.

*McLane* and *L. B. Peck* for defendant.

The plaintiff acquired no *lien* on the property. He neither removed it, nor took it into his possession. Smith expressly told him, that he would not have any thing to do with it. Nothing was done by the plaintiff, which would give notice to third persons, that the property had been seized. He did no act, which would have authorised a suit in trespass, or trover, against him by any third person, who might have been the owner. This view would seem to be decisive of the case against the plaintiff. The case of *Lane et al.* v. *Jackson*, 5 Mass. 157, was stronger in its circumstances to show an attachment, but the court held that the officer acquired no lien. See, also, *Lyon* v. *Rood*, 12 Vt. 233, and the cases there cited.

The opinion of the court was delivered by

KELLOGG, J. The principal question raised in this case, and the only one necessary to be considered, is, whether the plaintiff, by his alleged distreining of the property, for which the action is brought, created a *lien* upon the property, and *continued* it, until the taking and conversion of the property by the defendant.

The plaintiff having legal rate bills for taxes against the defendant, and warrants empowering him to collect the same, if by his proceedings, as detailed in the bill of exceptions, he created a *valid lien* upon the property and continued the same, then the decision of the county court was clearly wrong. It has been held by this court, that, to constitute an attachment of personal property, it is necessary that the officer should, either by himself, or his servant, *take* and *maintain* the actual custody and control of the property. Such was the language of the court in *Lyon* v. *Rood*, and it is believed, that the same doctrine is equally applicable to a distress for non-

payment of rates, or taxes. The inquiry, then, arises,[did the plaintiff take and maintain the actual custody and control of the property in question? The facts stated in the bill of exceptions fully answer the inquiry. He neither by himself, nor his servant, took the *actual* custody and control of the property, and consequently did not make a valid and legal distress, so as to create any lien upon the property.

We are therefore entirely satisfied with the judgment of the county court, and the same is affirmed.