## J. W. BARNES *v.* B. C. HALL.

*Tax, Collection of.    Bank Stock.    Consideration.*    Nudum Pactum.

Prior to the passage of the statute of 1882, No. 11, s. 2, expressly providing therefor, bank stock could not be legally taken and sold on a tax warrant; hence, the plaintiff, as constable, having sold certain bank stock to the defendant, and he having promised to pay for the same, in an action based on the promise, *held*, that the selling was without law, and the promise without consideration.

ASSUMPSIT in five counts, four special and one common. Heard on demurrer to the first four, and plea of non-assumpsit to the fifth count, September Term, 1882, ROYCE, Ch. J., presiding. Judgment *pro forma* for the plaintiff. Many questions were raised as to the sufficiency of the declaration; but the main contention was whether, under our statute as it stood prior to the act of 1882, No. 11, bank stock could be taken and sold by virtue of a tax warrant. The plaintiff was collector of the village of St. Albans. It was alleged that, as such collector, he sold to the defendant fifteen shares of bank stock, of which H. L. Sowles was trustee; and that the defendant specially promised to pay for the same.

*Noble & Smith* for the defendant.

There was no authority in law or statute for the levy or distraint of shares of stock in a bank, or corporation, to pay a municipal tax. Shares of stock are not goods or chattels. Angell Corp. s. 560. Shares of stock are of so intangible a nature that the sale of them on execution is a mode of transfer not authorized by common law. *Howe* v. *Starkweather*, 17 Mass. 24; Angell Corp. ss. 588, 589; Rorer Jud. Sales, ss. 1078–1080. Incorporeal rights cannot be seized and sold on execution, except by force of statute. Rorer, 1068; and the statute must be strictly complied

with.   Rorer, ss. 1068, 1073; *Bank* v. *Ferris,* 17 Conn. 259.
The enforcement as well as the assessing of a tax is peculiarly a
*statutory proceeding,* and is peculiarly *in invitum,* and is to be
prosecuted with scrupulous regard to the provisions of the statute.
There was no statute, until the act of 1882, authorizing the sale
of bank stock to pay taxes.   Cooley Taxation, 229, 292, 304, n. ;
Burroughs Taxation, 309.

*Farrington & Post,* for the plaintiff.

Bank stock at that time could be taken and sold on a tax war-
rant.   It is personal property ; and the statute authorizes the
taking of personal property on a tax warrant.   R. L. ss. 375,
3258.   The same custody and control or taking is required under
a tax warrant as upon a levy of execution.   What that custody
and control shall be or what is sufficient, has been determined by
the courts and not by the legislative enactment, except in special
cases.   The courts have determined that the same is required in
the one case as the other.   The tax warrant is of the same nature
and has all the force of an execution, and the collector is subject
and held to the same measure of liability as a sheriff or constable
in levying an execution.   *Dodge* v. *Way,* 18 Vt. 457 ; *Sherwin*
v. *Bugbee,* 16 Vt. 439 ; Cooley Taxation, 302 ;  Burroughs Taxa-
tion, 256, 257, 262 ;  1 Bouv. Law Dic. 485 ;  Hilliard Taxation,
486 ; Sedgw. Stat. & Con. Law, 41, 359.

The opinion of the court was delivered by

ROWELL, J.   " It is well settled that the law gives no remedy
for the collection of taxes other than those provided by statute."
—DEWEY, J., in *Crapo* v. *Stetson,* 8 Met. 393.   " The legislature
must decide upon the agencies by means of which collection of
taxes shall be made."—Cooley Taxation, 34.   " It is a familiar
idea that the assessment and the enforcement of a tax is purely a
statutory proceeding, and is peculiarly *in invitum,* and is to be
prosecuted with scrupulous regard to the provisions of the statute.
A tax assessed is capable of being enforced only in the mode pre-
scribed by the statute."—BARRETT, J., in *Sumner* v. *Pinney,* 31
Vt. 719.   " The power of an officer making a tax sale is purely

statutory."—ELBERT, C. J., in *Gomer* v. *Chaffee*, Supreme Court of Colorado,15 Reporter, 393. " At common law, distress was in the nature of a pledge merely, and could not be sold at all."— REDFIELD, J., in *Sherwin* v. *Bugbee*, 16 Vt. 439.

To constitute a valid attachment of personal property, it is necessary that the attaching officer take the same into his possession. Leaving a copy in the town-clerk's office gives the officer constructive possession, and is declared by statute to have the same force and effect as taking actual possession. Without an express statute for that purpose, the interest of the lessor in chattels in the hands of the lessee cannot be attached during the term, except perhaps by trustee process, because actual possession cannot be taken by the officer, as the lessee's possession cannot lawfully be disturbed. *Smith* v. *Niles*, 20 Vt. 315 ; *Brigham* v. *Avery*, 48 Vt. 602. So in distress for the non-payment of taxes, it was held in *Dodge* v. *Way*, 18 Vt. 457, that no valid lien could be created on personal property unless the collector took actual possession thereof.

Hence it follows that unless personal property is of that character and so situated that actual possession thereof can be taken, or there is some statutory provision for distraining it without taking such possession, it cannot be distrained at all.

The statute of 1878, No. 107, provided, for the first time, that whenever a collector distrained property that might lawfully be attached on mesne process by leaving a copy in the town-clerk's office, he might leave a copy of his warrant in such office, with his return thereon, giving a description of the property distrained, and the character and amount of the tax for the payment of which it was taken, and that he should thereby acquire the same right to hold such property as though it had been duly attached on mesne process. But this statute does not cover the case before us, as bank stock at the time in question could not be attached by leaving a copy in the town-clerk's office, but only by leaving a copy with the clerk of the corporation. R. L. s. 3236. Said section provides that the capital stock of private corporations may be taken and sold on execution like other personal property, and how it shall be done, but it does not include tax-warrants any

more than did the statute providing for taking property on "a writ of attachment or execution" by leaving a copy in the town-clerk's office. Although a tax-warrant is in the nature of an execution, it is not an execution, as the terms are used in our statute or understood in common parlance; and although this court always has been and still is desirous of upholding and carrying into effect all laws for the assessment and collection of taxes, yet it cannot go beyond the law, and commit the error of judicial legislation.

The result is, we regard this as *casus omissus*, and that prior to the passage of the statute of 1882, No. 11, s. 2, expressly providing therefor, there was no mode provided by law for taking and selling bank stock on a tax-warrant; hence, defendant's promise is *nudum pactum ex quo non oritur actio.*

Judgment reversed, demurrer sustained, the first, second, third, and fourth counts adjudged insufficient, and cause remanded.