## E. A. SOWLES *v.* H. B. SOULE.

*Voluntary Payment of Another's Tax. Bank Stock. Duress.*

The defendant, a tax collector, before bank stock was made distrainable for taxes by the Act of 1882, No. 11, distrained the plaintiff's bank stock, and advertised it for sale to pay another's taxes, and thereupon the plaintiff, with full knowledge of all the facts, and in possession of his stock, paid the taxes under protest; *Held,* that it was a voluntary payment, and not recoverable.

ASSUMPSIT. Plea, general issue, and justification as collector of taxes of the town of St. Albans for the year 1880. Trial by court, September Term, Franklin County, 1885, ROYCE, Ch. J.,

presiding. Judgment for the plaintiff. The defendant was collector of taxes during the year 1880. As such collector he had a warrant for the collection of taxes assessed against Henry L. Sowles, trustee, who then resided in Alburgh, Vt., amounting on the 26th day of November, 1880, to $198. He wrote to Henry L. Sowles, demanding the payment of the taxes, and he replied, denying that he had any property in St. Albans, and refused to pay them.

Some time previous to the first day of April, 1880, the plaintiff transferred 200 shares of the stock in the First National Bank that then stood in his name to Henry L. Sowles, trustee, without his knowledge at the time; and some time before the first day of May, 1880, said stock was transferred back to the plaintiff. Said stock stood in the name of Henry L. Sowles, trustee, on the first day of April, 1880, and was set in the list to him as trustee, and the taxes above referred to were assessed on that list. After the stock had been transferred back to the plaintiff, the defendant demanded the taxes of him; and upon his refusal to pay them, he distrained 200 shares of said stock as the property of the plaintiff, and advertised the same for sale, without taking possession of the stock, as far as appeared.

Said sale was adjourned from time to time, until the 26th day of November, 1880, on which day and before the sale, the plaintiff paid said taxes and collection fees, amounting in all to $193, under protest, and notified the defendant at the time that he should endeavor to collect the money back and demanded the money of the defendant. The defendant had paid the money collected of the plaintiff to the respective treasurers to whom it was payable before the serving of this writ.

*Wilson & Hall* and *F. W. McGettrick*, for the defendant.

To recover, it was necessary to show that the taxes were illegal, and that the payment was not voluntary. Cooley Tax. 565; *Henry* v. *Chester*, 15 Vt. 470; SHAW, C. J., in *Wright* v. *Boston*, 9 Cush. 241; *Canal Co.* v. *Rockingham*, 37 Vt. 625; *Briggs* v. *Whipple*, 7 Vt. 21. The payment was volun-

Sowles v. Soule.

tary. The plaintiff paid with knowledge of all the facts. Cooley Tax. p..567 ; 4 Wait Act. & Def. 493 ; *Forbes* v. *Appleton*, 5 Cush. 115 ; *Preston* v. *Boston*, 12 Pick. 13 ; *Boston & S. G. Co.* v. *Boston*, 4 Met. 188. When one's property is assessed to a stranger, and the owner pays the tax to prevent a sale by a tax collector, such payment is voluntary. *Bucknell* v. *Story*, 46 Cal. 589 ; *Mays* v. *Cincinnati*, 1 Ohio St. 268 ; *Brumagim* v. *Tillinghast*, 18 Cal. 265 ; *Second Universalist Society* v. *Providence*, 6 R. I. 225. So when one pays taxes assessed on property not taxable, under protest, the taxes cannot be recovered back. *Phillips* v. *Jefferson*, 5 Kan. 417. The protest is only evidence that the payment was not voluntary ; in order to be efficacious there must be actual coercion, duress or fraud. 4 Wait Act. & Def. 495. The distraint was void. *Barnes* v. *Hall*, 55 Vt. 420 ; *Noyes* v. *Haverhill*, 11 Cush. 340. Where there is no bad faith nor undue advantage taken, and one, with full knowledge of the facts, pays money, he cannot recover it back, although legal proceedings are commenced to enforce payment. *Taggart* v. *Rice*, 37 Vt. 47, 51 ; *Colwell* v. *Pedan*, 3 Watts, 827 ; *Sartwell* v. *Horton*, 28 Vt. 374.

*E. A. Sowles*, for the plaintiff.

When money is paid without a sufficient consideration to avoid the sale of one's goods, assumpsit will lie to recover it. *Sheldon* v. *School Dist.* 24 Conn. 92 ; State Tax Cases, 12 Wall. 204 ; 106 Mass. 12. Where money is paid under an illegal demand, *colore officii*, the payment is not voluntary. *Steele* v. *Williams*, 8 Exch. 625.

It is sufficient if the officer demands payment and manifests an intention to enforce collection by seizure or is about to seize the property of the payer, by virtue of his process, at any time. *Parcher* v. *Marithan Co.* 52 Wis. 388 ; 2 Smith Lead. Cas. 456.

It suffices if the payment is caused on the one part by an illegal demand, and made on the other part reluctantly or in consequence of that illegality, and without being able to regain

possession of his property, except by submitting to the payment. *Swift* v. *United States*, 111 U. S. 29; *Beckwith* v. *Frisbee*, 32 Vt. 559–566.

The opinion of the court was delivered by

Veazey, J. If the payment by the plaintiff was voluntary in legal sense he cannot recover. It was held by this court in *Barnes* v. *Hall*, 55 Vt. 420, that bank stock could not be legally taken and sold on a tax warrant, on the ground that it was personal property of such character, and was so situated, that actual possession could not be taken, and that there was no statutory provision for distraining the same by leaving a copy in the town clerk's office or elsewhere. If therefore the defendant had had a tax against the plaintiff, which he had not, he could not have taken and sold his bank stock on a tax warrant. The defendant had no possession of the two hundred shares. A sale by the defendant would therefore have been utterly void in legal effect. The plaintiff's possession had not been disturbed, and the threatened sale would not have disturbed the plaintiff's title. Knowing all the facts, and charged with knowledge of the law, the plaintiff made the payment. "If the payment is caused on the one part by an illegal demand, and made on the other part reluctantly and in consequence of that illegality, and without being able to regain or retain possession of the property except by submitting to the payment," then it is compulsory and not voluntary. *Maxwell* v. *Griswold*, 10 How. 242; *Harmony* v. *Bingham*, 2 Kern. (12 N. Y.) 99; *Astley* v. *Reynolds*, 2 Strange, 915. The defendant had no advantage over the plaintiff. Where the parties stand on an equal footing then there is the free exercise of will, and compromise or payment is voluntary and binding. *Beckwith* v. *Frisbie*, 32 Vt. 559. It is not alone the illegality of the demand paid that constitutes ground for relief. There must be, in addition, some compulsion or coercion attending its assertion, by the actual or threatened exercise of power possessed, or supposed to be possessed, by the other party, from

which the party making the payment has no other means of immediate relief than by advancing the money. In *Mays* v. *Cincinnati*, 1 Ohio St. 268, the court say this : " A payment of money upon an illegal or unjust demand, where the party is advised of all the facts, can only be considered involuntary when it is made to procure the release of the person or property of the party from detention, or when the other party is armed with apparent authority to seize upon either, and the payment is made to prevent it." To the same purport are *Forbes*. v. *Appleton*, 5 Cush. 115 ; *Brumagim* v. *Tillinghast*, 18 Cal. 265 ; *Bucknal* v. *Story*, 46 Cal. 589 ; and many other cases. SHAW, Ch. J., in *Wright* v. *Boston*, 9 Cush. 233 (241), states the proposition thus : " The only ground upon which a party is allowed to pay a tax or assessment under protest, and afterwards maintain an action to recover it back, is when the tax was wholly void—a mere nullity ; when a party can have no action or take no appeal, and when the collector appears with his warrant, he must pay or have his person arrested or property taken, then he pays under a species of duress." See *Noyes* v. *Haverhill*, 11 Cush. 338. The plaintiff did not pay, or have to pay, to save either person or property from being taken or detained. Although the tax was not assessed against the plaintiff, but against his trustee, and therefore was void as against the plaintiff, yet it is easy to see why he should pay it, and why he probably did pay it.

We fail to see how this payment can be treated other than purely voluntary.

Judgment reversed, and judgment for the defendant for costs.