## JOHN H. BARNEY v. W. W. ROCKWELL.

### Attachment. Service of Writ.

1. It is not a legal attachment of property in the possession of a bailee, where the officer first commences his service by attaching other property, and then merely writes to the bailee that he has attached that in his possession, and requests him to keep it, and the bailee agrees to keep it. The officer did not acquire sufficient possession of the property.

2. It is not necessary that an officer in making an attachment should have the writ with him; it is sufficient if he has it in his custody and control when he takes the property into his possession, without having the writ upon his person; and it is error for the court to refuse, on request, to so instruct the jury.

TRESPASS and trover. Trial by jury, April Term, 1887, Ross, J., presiding. Verdict for the defendant. The return on the writ stated that the officer attached the property February 9, 1885, and that on February 28, 1885, he delivered a copy to the defendant. It appeared that the plaintiff in this suit sent his note by the defendant in the original suit, notifying Reynolds of the attachment of the machine in his possession.

The court charged the jury in part as follows:

"And from the evidence in this case Mr. Barney went there on the 11th, and went to the machine, and made an arrangement with the owner of the premises to take charge of the machine for himself; if he then had this writ in his custody and control, we charge you that would be a good attachment of it; and although Reynolds did not keep right by the machine all the time (he was not there on the 12th when Rockwell came and took it), it was not necessary to keep possession in Mr. Barney; for, for that purpose, it was on Barney's premises; Reynolds agreed to be his agent and custodian; the premises were premises that he had a right to control, and no

one had a right to go and take anything off of them without his leave; so that it would be a valid attachment of the machine, if Barney at that time was clothed with authority to make the attachment; and that is the real question on this part of the case.   *   *   *

" This is the first question for you to determine, whether Mr. Barney, on the 11th, was there with the writ, acting under its authority in doing what he did, in attaching this machine on that day.   If he has satisfied you of that fact, then under the law relating to the other facts that are not in controversy, or giving the facts their widest scope, we hold the plaintiff would be entitled to recover.

" If you find he did not have the writ and was not acting on it, then your verdict will be for the defendant."

The other facts are sufficiently stated in the opinion of the court.

*H. H. Burt* and *Farrington & Post*, for the plaintiff.

When Reynolds promised Patnod, the defendant in the original suit, to keep the property for Barney, he became Barney's agent; and his possession was the possession of the officer.   REDFIELD, Ch. J., in *Lyon* v. *Rood*, 12 Vt. 233; Lord MANSFIELD, in *Blatch* v. *Archer*, Cowp. 63, said : " That the officer must be the *authority* to arrest is certain; but he need not be the hand that arrests, nor in the presence of the person arrested, nor actually in sight, nor in any prescribed distance."

But if it is held that what was done on the 9th of February did not amount to a legal attachment, when the officer on the 11th took manual possession of the property and put it into the keeping of Reynolds, as his bailee, it cured any possible defect in the first attempt to attach.   *Newton* v. *Adams*, 4 Vt. 437 ; 21 Vt. 215.   *Coffrin* v. *Smith*, 51 Vt. 140, is directly in point.   There was error in the court's refusal to charge as the plaintiff requested.

That the jury were thus misled is apparent from the fact that the return shows that service of the writ was not made on the defendant, by delivery of a copy, till the 28th of February.

*F. W. McGettrick*, for the defendant.

The sending of the letter to Reynolds was in no sense an attachment. *Fitch* v. *Rogers*, 7 Vt. 403 ; *Blake* v. *Hatch*, 25 Vt. 555.

The circumstances developed by the testimony did not call for any such explanation, or charge to the jury, as the plaintiff requested the court to give.

The issue of fact was, whether or not the plaintiff on the 9th of February made his return and returned the writ to the party from whom he received it. If this issue was decided in the affirmative, it must be manifest to any one that the officer had surrendered his custody and control of the writ, and could do no more under it. Hence, there was no occasion for the explanation requested.

The opinion of the court was delivered by

Royce, Ch. J. This was an action of trespass and trover, brought to recover for a horse-power and separator, which the plaintiff claimed to have attached on a writ which was put into his hand for service as constable of the town of Swanton. The writ was made returnable to the April Term, 1885, of the Franklin County Court, and was delivered to the plaintiff for service on the 9th of February, 1885 ; and the only question made was, whether the plaintiff made such an attachment of the property as gave him such a lien upon it as would enable him to recover as against the claim of the defendant, who as constable of the town of Alburgh levied an execution upon the same property. The plaintiff commenced the service of the writ on the day he received it, and it then being impossible to go to Alburgh, where the horse-power and separator were, he attempted to make an attachment of them by sending a letter signed by him as constable to Mr. Reynolds, in whose possession the property then was, notifying him that he had attached the threshing machine and separator and requesting him to keep it in his care until he heard from him. Said Reynolds received the letter and promised to keep the property for said

Barney v. Rockwell.

Barney; and the first question presented is, whether what was thus done by Barney constituted a valid attachment.

It is said in Drake on Attachments, s. 256, that an officer attaching personalty must actually reduce it to possession, so far as under the circumstances can be done; that what is an actual possession, sufficient to constitute an attachment, must depend upon the nature of the property; that it should be such a custody as would enable the officer to retain and assert his power and control over it. There was nothing in the nature of this property that could prevent the officer from taking actual possession of it, so as to bring it within any known exception to that rule. In *Dodge* v. *Way*, 18 Vt. 457, the plaintiff went with a tax warrant to the place where grain was deposited belonging to the defendant, and informed the party in possession that he had distrained it, and requested him to keep it for him, which he refused to do, but agreed to, and did, inform the defendant of the distress, and the defendant continued to use and dispose of the grain without regard to the distress. The plaintiff brought an action of trespass for its value, and it was held that the plaintiff by the distraint had not acquired such a lien as would enable him to maintain the action. It has been held in the cases cited in Roberts' Digest, on page 61, that to constitute an attachment of personal property the officer must have the custody or control of it by himself or his servants. The plaintiff did not even see the property when he attempted to attach it on the 9th of February, and did not have any such possession or control of it by any servant as to constitute a valid attachment. In *Newton* v. *Adams*, 4 Vt. 437, which was an action of trespass brought by a sheriff to recover for property attached, it is said that, admitting that the plaintiff did not originally take a sufficient possession, yet we all agree that if he did subsequently and without any intervening attachment acquire a sufficient possession, the rule of law is satisfied and his attachment is valid.

On the morning of the 10th of February the defendant went to Reynolds' place and levied the before-mentioned execution

upon the horse-power and separator, and put his son in possession as keeper. His son remained in possession until night, when, without moving the property, he left the premises and the property in the same place and condition as when he went there. On the morning of the 11th of February the plaintiff went to Reynolds' place and took possession of the horse-power and separator, claiming to do so by virtue of said writ, and put Reynolds in as keeper, who agreed to keep possession of the same for him. His testimony tended to show that the writ had not then been returned, and that his return had not then been made upon it, and that he then had the writ with him; the defendant's testimony tended to show that his return had been made, and that the writ was returned on the evening of the 9th, and that he did not take it with him when he took the power and separator into his possession.

The court charged that what the plaintiff did on the 9th did not constitute a valid attachment, and that if he did what his evidence tended to show was done on the 11th, and then had the writ in his custody and control, it would be a good attachment. The court was requested to charge and explain to the jury that the custody and control of the writ did not mean that he must then have the writ with him or on his person, but the court declined to make the explanation requested; and in the charge, which is referred to, the court told the jury that if the plaintiff on the 11th was there with the writ, acting under its authority in doing what he did in attaching the property on that day, he would be entitled to recover. The jury might have understood from the charge that, in order to make the attachment valid it was necessary that he should have had the writ with him at the time the attachment was made, and that what the court meant by custody and control was that he should then have the writ upon his person. When the writ was delivered to plaintiff he became its legal custodian, and was entitled to the possession of it until he had completed the service; and if temporarily out of his possession, he might act under its authority until he was required to return it. It was

not necessary that he should have had the writ with him when he made the attachment on the 11th, and if in doing what he did do he was acting under its authority and was so professing to act, it would be a justification to him and constitute a valid attachment, and the jury should have been so instructed. But under the charge the jury might, and probably did, limit their inquiry to the fact as to whether the plaintiff had the writ with him when he made the attachment.

Judgment reversed and cause remanded.