## S. S. BARTLETT *v.* JAMES WILSON AND TR.

*Taxation.   Listers.   Collector.*   R. L. ss. 326, 407.

1. The defendant having failed to return a satisfactory inventory of his taxable property, there was no error in the action of the listers, under the statute,— R. L. s. 326,—in assessing him for money and debts and then taking the appraisal of his real estate in the preceding year, and doubling both items for his grand list.

2. In an action by a collector to recover a tax by trustee process under the statute, —R. L. s. 407,—the court having held that it was incumbent on the plaintiff to show that at the date of the writ the defendant had no known personal property in the State sufficient to pay the tax, it cannot be said that it was error to admit, for the purpose of proving such fact, an inventory made by the defendant in the town attempting to enforce the tax, and sworn to by him a few months prior to such date, and which included no personal property, although there was no evidence that the defendant was a resident of such town at that time.

3. But evidence was not admissible in behalf of the defendant which tended to show that he owned property subject to a lease; for such property cannot be distrained for taxes.

ACTION of assumpsit commenced by trustee process under section 407 of the Revised Laws by the plaintiff as collector of taxes for the town of Brownington.   The plaintiff's writ was dated February 24, 1883, and served on the 27th day of February, 1883.   The plaintiff claimed to recover a town tax of $71.35, assessed on the grand list of the defendant in the town of Brownington for the year 1882.   Plea, general issue.

Trial by jury, February Term, 1888, POWERS, J., presiding.   General verdict for the plaintiff to recover $71.35 and his costs, and a special verdict finding that the defendant had not known personal property in the State sufficient to pay said tax at the time said suit was commenced.

The defendant filed no inventory of his taxable property in Brownington, as required by law, for the year A. D. 1882.

Bartlett *v.* Wilson.

For that year the defendant was assessed by the listers for money and debts due the sum of $3,646, and his real estate was taken at the appraisal thereof in A. D. 1881, viz., $2,300, and his grand list for that year, completed on or before the 15th day of May, A. D. 1882, was made by doubling said assessment of personal property and appraisal of real estate, and setting one per cent of the amount of said personal and real estate so doubled in the grand list to the defendant. The defendant claimed that said grand list was illegal by reason of the doubling his real estate in making his grand list as aforesaid, and requested the court to so hold, but the court ruled that said grand list was not illegal by reason of the doubling the defendant's real estate as aforesaid ; to which ruling and the refusal of the court to hold as requested the defendant excepted.

For the purposes of this trial only, the defendant conceded that said grand list in other respects was regular ; that defendant was a resident taxpayer in Brownington on the first day of April, A. D. 1882 ; that the plaintiff was collector of taxes, and that he had lawfully demanded said tax of the defendant.

The defendant claimed that the plaintiff could not maintain this action for the reason that the defendant had known personal property in this State sufficient to pay said tax at the time this suit was commenced. The plaintiff claimed that said objection was out of time and too late, for the reason that this cause had been once tried by jury on its merits, and in the Supreme Court upon exceptions, and that defendant had never before raised this objection. The court found the facts as claimed by plaintiff (see this case in 59 Vt. 23), and ruled *pro forma* that said objection was seasonably raised, and that the burden of proof was upon the plaintiff to establish that defendant had "not known personal property in the State sufficient to pay such tax" when this suit was commenced ; to which ruling plaintiff seasonably excepted. The plaintiff, as evidence tending to show that the defendant had not known

personal property in this State at the commencement of this
suit, offered in evidence a tax inventory made under oath by
the defendant March 27, A. D. 1882, which inventory men-
tioned no property except defendant's real estate in Browning-
ton, and the same was admitted in evidence by the court
subject to the defendant's objection and exception.  On this
issue the defendant offered evidence to prove that at that time
this suit was commenced he had between four and five hun-
dred dollars worth of personal property on his farm in said
Brownington, and several hundred dollars worth of personal
property on his farm in Derby, a town adjoining said Brown-
ington, and that said personal property was so exposed that
the plaintiff, by ordinary inquiry, could have discovered the
same ; and that the defendant had leased his said personal
property for a term, to expire on the first day of April, A. D.
1883, and that the same was at the commencement of this suit
in the possession of the lessee, who was entitled to the posses-
sion thereof until the expiration of the term for which it was
leased ; and until long after it would be necessary for the
plaintiff to complete his proceedings by sale, if he had
attempted to levy the warrant annexed to this tax bill upon
said property or any part thereof.  This suit was brought to
collect the sum of $337.72 in taxes assessed upon different
grand lists.  The court excluded the evidence offered, to
which ruling the defendant excepted.

Nothing appeared on trial as to defendant's having a resi-
dence in Brownington except the aforesaid concession that he
resided there on the first day of April, A. D. 1882.

*L. H. Thompson* and *Geo. W. Cahoon*, for the defendant.

The grand list involved in this suit is illegal by reason of
doubling the defendant's real estate in making said list.

The tax inventory made March 27, 1882, was improperly
admitted.  There was no evidence that at that time defendant
was a resident of Brownington, and thus required by law to
inventory his *personal property* in that town.  The admission

that defendant resided in Brownington April 1, 1882, raises no presumption that he resided there before that date.

A presumption of this kind runs forward, not backward, from an established or admitted fact. Although it might be true that defendant had no personal property taxable in Brownington in March, 1882, it would have no tendency to show how his property was situated in February, 1883.

The court erred in excluding the evidence offered as to the amount and value of defendant's personal property at the time this suit was commenced. It was largely in excess of what was required to pay all the taxes claimed, and many times the value of the taxes which were legal and collectible.

The defendant's reversionary interest in the leased personal property could have been sold for payment of taxes against him. The old law was changed by statute. Gen. Stat. p. 33, ss. 31, 32; R. L. ss. 1189, 1190–1. The property was attachable by leaving a copy in the town clerk's office. R. L. s. 876. By section 376, R. L., property which may be attached on writ by leaving a copy in the town clerk's office may be distrained by leaving in such office a copy of the warrant with the collector's return thereon.

Under the decision in *Clemons* v. *Lewis*, 36 Vt. 673, plaintiff was not confined to ten days, but might take a reasonable time.

He might have adjourned his sale, so that the lease would have expired, or sold subject to the lease. He had the same rights as any officer as to property taken on execution. *Spear* v. *Tilson*, 24 Vt. 420; *Wheelock* v. *Archer*, 26 Vt. 380; Rob. Dig. p. 664, s. 69, 72. The statute gives collector three years in which to collect tax. R. L. s. 379.

*Edwards, Dickerman & Young*, for the plaintiff.

The law of this case as to doubling the defendant's real estate is established by the former decision. The court, by POWERS, J., say: "No defects in the annual grand list for 1882, completed on the 15th of May, are pointed out, and

such list is to be treated as valid." *Bartlett* v. *Wilson*, 59 Vt. 23, 31. The defendant's tax inventory was admissible. It was not offered as conclusive, but as tending to support the issue: namely, that he had no known personal property, etc. Does not the fact that he had none March 27, 1882, and with no evidence tending to show the acquiring of any after March 27, 1882, tend to show that he had none in Brownington, February 24, 1883? If it does, then it tends to show that he had none in the State.

The property subject to the lease could not be taken for the taxes. Such property cannot be attached by the officer taking it into his possession (48 Vt. 607), nor by a copy lodged in the town clerk's office; because this would not be according to the provisions of the statute, as required by the decision, 48 Vt. 607.

It is well settled that the law gives no remedy for the collection of taxes other than those provided by statute. *Barnes* v. *Hall*, 55 Vt. 420. " The power of an officer making a tax sale is purely statutory." Ib.

In distress for non-payment of taxes no valid lien could be created on personal property, unless the collector took actual possession, until the Act of 1878. Ib. See R. L. ss. 1189, 1190. Hence there was no error in excluding the evidence.

The opinion of the court was delivered by

TAFT, J. I. For a failure by the defendant, in the spring of 1882, to return an inventory of his taxable property satisfactory to the listers, the latter assessed him for money and debts, took his real estate at the appraisal thereof in the preceding year, and made his grand list by doubling both items. The defendant claims that the list was illegal because of the doubling of the real estate appraisal. No question was made upon trial as to the proceedings of the listers save the doubling of the appraised value of the real estate. R. L., sec. 326, required the listers, in a case like that of the defendant then before them, to double the sum obtained as the appraised

value of the taxpayer's property; and this irrespective of its character, whether real or personal. The doubling process did not render the list illegal, as the listers, ·in so doing, acted strictly in accordance with their duties under the statute referred to.

II. The defendant, upon trial, claimed, and the court held, that it was incumbent upon the plaintiff to prove that, at the date of the writ, 24th February, 1883, the defendant had no known personal property in the State sufficient to pay the taxes he was seeking to recover. It was, therefore, not only proper but necessary for the plaintiff to show that the defendant had none in Brownington. To aid in establishing this fact, the plaintiff was permitted to put in evidence an inventory made by the defendant in Brownington on the first day of the preceding April, and sworn to on the 27th of March prior, which did not include any personal estate. To this the defendant objected, for that there was no evidence that at that time he was a resident of that town and so required by law to inventory his personal property in that town. Whether he resided in Brownington or elsewhere, he may have had personal property in that town, subject to taxation there, which it would have been his duty to include in an inventory in that town. R. L. s. 281, sub-div. I. and IV. We think the inventory sworn to an admission, that he had no personal property at that date in that town. And we think the fact that he had none on the first day of April evidence tending to show that he had none there a few months later. The fact that he had none in April, 1882, rendered it less likely that he had none in February following, than if he had had at the former date vast possessions of personal estate. The more remote in time that such fact exists, the weaker the evidence, but in this ease, it was so near in time that we cannot say there was error.

III. Did the court err in excluding the testimony offered by the defendant? It tended to show that he owned property in this State subject to an unexpired lease. If the property

could have been distrained for taxes, it was admissible. Could it have been taken by the plaintiff upon his warrant? In *Barnes* v. *Hall*, 55 Vt. 420, it is said : " That unless personal property is of that character and so situated that actual possession thereof can be taken, or there is some statutory provision for distraining it without taking such possession, it cannot be distrained at all." The plaintiff could not have taken actual possession of it, as it was then held under a lease. *Brigham* v. *Avery*, 48 Vt. 602. We have no statute by which he could have taken it in any other mode ; for section 376, R. L., as amended by Act, No. 11, 1882, applies only to such property as may be attached by leaving a copy with the clerk of a town or officer of a corporation ; and property held by a lessee cannot be attached in that manner, but only in the way pointed out by R. L. ss. 1189–91. The testimony, therefore, had no tendency to show that the defendant had property which the plaintiff could have distrained ; it was, therefore, immaterial, and its exclusion proper.

Judgment affirmed.