EUGENIA L. MORRIS *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A tax voluntarily paid, with a full knowledge of all the facts, cannot be recovered, although no legal obligation to make the payment may have existed.

Pending her appeal from the action of the board of relief, the plaintiff paid, under protest, a tax assessed against her, although no coercive measures had been taken to collect the tax and none were then threatened or possible. *Held* that such a payment was voluntary, and none the less so because she might have been influenced to make it in the expectation of thereby saving interest if the tax should afterward be adjudged valid.

Submitted on briefs January 23d— decided March 8th, 1906.

APPLICATION in the nature of an appeal from the refusal of the board of relief of the City of New Haven to erase an addition of ten per cent. made by the assessors to the applicant's tax list, brought to and reserved by the Superior

VOL. LXXVIII—43

Court in New Haven County, *Ralph Wheeler, J.*, upon an agreed statement of facts, for the advice of this court. *Judgment dismissing application advised.*

*Charles G. Morris* and *Henry W. Merwin*, for the plaintiff.

*Leonard M. Daggett*, for the defendant.

PRENTICE, J. This is the same case as that reported in 77 Conn. 108. Upon its return to the Superior Court the defendant filed its answer containing two defenses. The first related to its claim that the plaintiff was not aggrieved by the action of the board of relief; the second averred that on September 3d, 1903, pending the appeal, the plaintiff paid to the tax collector the full amount of taxes laid and assessed, or which could be laid and assessed, against her upon the valuations of the assessors and board of relief on the list of 1902, including therein the ten per cent. addition which was the subject of the appeal. To this defense the plaintiff replied, admitting the payment as alleged, save that its date was September 1st, 1903, but alleging that it was made under duress. From the agreed statement of facts upon which the reservation was made, it appears that the facts relating to this defense are as follows : —

The collector, prior to July 1st, 1903, gave notice by advertisement that he would commence to receive the taxes laid on the list of 1902 at his office on said July 1st, the day on which they were by law payable, and also sent to the plaintiff a tax bill, in the usual form, for the amount of the plaintiff's taxes as computed upon her assessment as made by the assessors and board of relief, including said ten per cent. addition. Upon the bill was printed, as is customary, a notice that interest from July 1st would be charged upon all bills remaining unpaid September 1st. Upon August 31st the plaintiff's son and attorney wrote and sent a letter in her name and behalf to the collector, and inclosed therein said tax bill and his check for the amount and in

payment thereof. The letter stated that the payment was made under protest. Said letter and check were received by the collector and the bill receipted and returned.

Counsel for the plaintiff appear to concede, as they must, that if the payment which was made was so made that no part of it could be recovered, the application must be dismissed. *Little* v. *Bowers*, 134 U. S. 547, 557.

A party cannot recover money voluntarily paid with a full knowledge of all the facts, although no obligation to make such payment existed. *Lamborn* v. *County Commissioners*, 97 U. S. 181; *Sheldon* v. *South School District*, 24 Conn. 88; *Russell* v. *New Haven*, 51 id. 259; *Wyman* v. *Farnsworth*, 3 Barb. (N. Y.) 369; *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. (Mass.) 181.

As there is no question of the plaintiff's full knowledge of the facts, it only remains to inquire whether her payment was such as the law regards as voluntary. " Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed to be voluntary, and cannot be recovered back." *Lamborn* v. *County Commissioners*, 97 U. S. 181, 187; *Railroad Co.* v. *Commissioners*, 98 id. 541; *Little* v. *Bowers*, 134 id. 547; *Wabaunsee Co.* v. *Walker*, 8 Kan. 431. " A payment is voluntary if made by a party informed of all the facts connected with the subject-matter of the payment, and under the influence of no distress or coercion, even though accompanied with a protest." *Phelps* v. *Mayor of New York*, 2 L. R. A. 626 note (112 N. Y. 216); *Preston* v. *Boston*, 12 Pick. (Mass.) 7, 14; *Shane* v. *St. Paul*, 26 Minn. 543; *Brumagim* v. *Tillinghast*, 18 Cal. 265; *Cox* v. *Welcher*, 68 Mich. 263; *Conkling* v. *Springfield*, 132 Ill. 420. " It is the compulsion or coercion under which the party is supposed to act which gives him a right to relief." *Brumagim* v. *Tillinghast*, 18 Cal. 265, 271. " Where the parties stand on an equal footing then there is the free exercise of will, and compromise

or payment is voluntary and binding." *Sowles* v. *Soule*, 59 Vt. 131, 134.

In the present case the collector had no warrant authorizing him to proceed with the collection of any taxes against the plaintiff upon the list of 1902. The pendency of her appeal had suspended all action in that regard. General Statutes, § 2356. No coercive measures against either her or her estate were threatened or possible, and this she was bound to know. The most that was done was to invite her to pay by the sending of a bill. That invitation she chose to accept. That choice was made in the exercise of her free and unconstrained will, and was therefore voluntary in the fullest sense of that term. It was no less so in that she may have been influenced to make it in the expectation of thereby saving the payment of accruing interest and thus reaping a financial benefit. *Hartford* v. *Hills*, 72 Conn. 599; *Russell* v. *New Haven*, 51 id. 259; *Lee* v. *Templeton*, 13 Gray (Mass.) 476; *Palmer* v. *Syracuse*, 57 N. Y. Supp. 600; *Tripler* v. *Mayor of New York*, 125 N. Y. 617, 631.

The question presented by the first defense need not be considered.

The Superior Court is advised that judgment dismissing the application should be rendered.

Costs will be taxed in favor of the defendant.

In this opinion the other judges concurred.