EMMA CRITTENDEN (MRS. CHESTER A. CRITTENDEN) *vs.* JULIA A. ROYCE.

First Judicial District, Hartford, March Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

Payment of an illegal demand with full knowledge of all the facts and without any immediate or urgent necessity therefor—such as to prevent the seizure, or to obtain the release from detention, of the person or property of the payor—must be deemed to be voluntary and cannot be recovered back.

The complaint in the present case alleged that the plaintiff owned and was in possession of certain real estate mortgaged to the defendant for $1,000, which the plaintiff had an opportunity to sell to a purchaser who was ready, willing and able to buy, on condition that the property was free from incumbrance; that in order to satisfy this condition by procuring a release of the defendant's mortgage,

Crittenden *v.* Royce.

the plaintiff was required by the defendant to pay its face value although in fact the mortgage, above $400, was without consideration. *Held* that the complaint did not show a payment under duress, since the mere holding of the mortgage by the defendant, who was not in possession, was not a detention of the plaintiff's property, while her desire to accept a favorable opportunity to sell did not constitute such an urgent and immediate necessity as to amount to duress in law; nor did the mere fact that the plaintiff made the payment to the defendant "under protest," establish duress.

Argued March 6th—decided March 31st, 1924.

ACTION to recover money alleged to have been paid "under protest" to clear off a mortgage upon the plaintiff's land, in order to effect a sale of the property, brought to the Court of Common Pleas in Hartford County where successive demurrers to the original and amended complaint were sustained (*Dickenson, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*Joseph M. Donovan*, for appellant (plaintiff).

*James T. Mather*, for appellee (defendant).

CURTIS, J. The plaintiff alleged in her complaint: "1. That on or about March 17, 1923, the plaintiff paid to the defendant under protest the sum of one thousand dollars to clear off a mortgage on property of the plaintiff, which was on that day sold to a third party. 2. Said mortgage and note should have been written four hundred dollars, as there was no consideration for the six hundred dollars balance, and the defendant knew this and yet demanded the full sum of one thousand dollars. 3. The defendant further demanded and accepted interest on said six hundred dollars, when as a matter of fact, as there was no consideration for the six hundred dollars, no interest could

be charged on the six hundred dollars. 4. That for a long time the plaintiff had been trying to find a purchaser for the property in question and that she ultimately did procure a purchaser, who was ready, able and willing to buy, on a condition that there be no incumbrances on the property and that the plaintiff requested the defendant to release the incumbrance and have the money held in escrow, but the defendant refused and therefore in order that this sale might go through, the plaintiff having reason to be doubtful of receiving such an offer if this offer was refused was forced to pay off the mortgage and thus get the release, whereby the property could be transferred free from incumbrances.''

The defendant demurred to the complaint on the ground, in substance, that it appeared that the $600 and interest in question was paid to the defendant by the plaintiff without mistake and without any fraud, duress or deception exercised by the defendant upon her, and hence the complaint alleged no cause of action.

The plaintiff in her appeal claims that the court erred in sustaining the demurrer because the facts alleged constitute a cause of action for duress in law in regard to real property.

The plaintiff claims, it appears from the complaint, that the defendant held a mortgage upon her land, which she desired to have released in order to consummate a favorable sale of it; that a large part of the face value of the mortgage note was without consideration; that the defendant refused to release the mortgage unless the face value of the note with interest thereon was paid in full; and that in order to consummate the favorable sale she paid the face value of the note with interest, and that such payment of the portion of the note that was without consideration

was therefore made under duress in law, and that she is entitled to its recovery. The defendant claims that the situation alleged presents a case of the voluntary payment of a claim not in fact obligatory. In *Morris* v. *New Haven*, 78 Conn. 675, 63 Atl. 123, we say: "A party cannot recover money voluntarily paid with a full knowledge of all the facts, although no obligation to make such payment existed." The plaintiff in the instant case had full knowledge of the facts. Was her payment such a one as the law regards as voluntary? In the above case we also say: "Where a party pays an illegal demand with full knowledge of all the facts . . . without an immediate and urgent necessity therefor or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed to be voluntary and cannot be recovered back."

The plaintiff was in possession of the mortgaged property, no immediate seizure of her person or property was threatened, and the defendant is to be deemed as relying on such rights as she could enforce at law by action or foreclosure, or in defense of a suit to redeem. She was making no effort to enforce payment. The plaintiff actively sought the release of the mortgage in order to accept a favorable opportunity to sell the land free from incumbrance. The mere holding of a mortgage on land is not the detention of land: an ordinary mortgagee leaving the mortgagor in possession is not in the same relation to the mortgagor as is a mortgagee in possession. Cases referred to by the plaintiff are for the most part cases of a mortgagee in possession. See *David City Bank* v. *Sargeant*, 65 Neb. 594, 91 N. W. 595, 59 L. R. A. 296; *Cazenove* v. *Cutler*, 45 Mass. (4 Metc.) 246.

The plaintiff's claim, then, must rest upon the ground

Crittenden v. Royce.

that she made the payment under such an urgent and immediate necessity as to amount to duress in law. The facts alleged do not constitute such a necessity. She wished to consummate a favorable sale and paid the claimed illegal amount. There was not a pressing, controlling, and immediate necessity on the plaintiff to escape a threatened injury, so that there was no avenue of escape other than making the illegal payment. There was no compulsion, as by threats proceeding from the defendant, since she was not attempting in any way to force payment. 21 R. C. L. p. 145; *United States* v. *Cuba Mail S. S. Co.*, 200 U. S. 492, 26 Sup. Ct. 327. Such compulsion as the plaintiff was under was purely subjective, arising from her belief that she had an opportunity to sell the land for a price peculiarly favorable; if she preferred to pay the face value of the mortgage note instead of awaiting the decision of the courts as to her indebtedness on the mortgage, she could not be said to have made the payment under duress. 21 R. C. L. 143. The fact that payment was made under protest does not establish duress. 21 R. C. L. 149. This case presents the not uncommon situation of the payment of an illegal demand, with full knowledge of the facts rendering it illegal, without an immediate and urgent necessity therefor, and not made to release or prevent an immediate seizure of person or property. Such a payment is deemed in law a voluntary payment and not one made under duress. *United States* v. *Cuba Mail S. S. Co.*, *supra*.

There is no error.

In this opinion the other judges concurred.