## The H. E. Verran Company *vs.* The Town of Stamford.

Third Judicial District, Bridgeport, April Term, 1928.
Maltbie, Haines, Hinman, Banks and Avery, Js.

Argued April 11th—decided June 18th, 1928.

*Thomas J. Ryle,* for the appellant (defendant).

*Raymond E. Hackett,* for the appellee (plaintiff).

Banks, J. The plaintiff, whose business is that of manufacturing silks, built a factory in Stamford which was completed shortly prior to October 1st, 1925, and during that month filed with the assessors of that town a list of its property subject to taxation. The valua-

tions placed by the plaintiff upon both the real and personal property upon its list were those appearing upon its books as of October 1st, 1925, and totaled the sum of $2,102,887.55. The assessors reduced these values and assessed and valued the property for purposes of taxation at $1,679,690. The plaintiff appealed to the board of relief without success, and took an appeal from the decision of the board of relief to the Superior Court. While this appeal was pending the tax collector, on May 1st, 1926, sent the plaintiff a tax bill in the amount of $23,347.69, which was computed at the legally adopted tax rate of 13.9 mills upon the assessed valuation of $1,679,690. The bill contained a statement that interest at the rate of nine per centum from May 1st, 1926, would be added if the tax was not paid on or before June 1st, 1926. On May 20th, 1926, the plaintiff paid the defendant on account of this tax bill the sum of $13,934.27. On September 17th, 1926, the Superior Court rendered a judgment that the total value of plaintiff's property subject to taxation was $827,622.67. The true amount of taxes owed by the plaintiff in accordance with this judgment was only $11,503.96, being $2,430.31 less than the amount paid by it, and this action was brought to recover such overpayment.

The complaint alleges that this overpayment was made under a mistake as to the plaintiff's rights and duties. The plaintiff in its brief seems to make the broader claim that the taxpayer in any case may pay his tax and then bring an action to recover it as money illegally received and retained. We have found no case which has gone that far. In *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 126 Atl. 1, upon which plaintiff relies, in a discussion of the remedies open to an aggrieved taxpayer we said (p. 391): "We have held heretofore that the remedy by appeal from

the action of a board of relief is not exclusive, and that the tax may be paid and an action brought to recover it as money illegally received and retained, and that in extreme cases an injunction may be granted restraining the collection of the tax." We were not then attempting to define the conditions under which a payment made by a taxpayer could be recovered, any more than we attempted then to state the nature of the extreme case which would justify the issuance of an injunction to restrain the collection of a tax. All the cases there referred to in which actions had been brought for the recovery of taxes paid were cases where the payment had been made under a threat of a levy upon the property of the taxpayer or where the tax had actually been collected by distress or the property sold by the collector under the tax warrant. The cases cited in support of the statement in 1 Swift's Digest, p. 405, that "where a person pays taxes that are illegally imposed upon him, whether paid by compulsory process or not, he may recover back the money," are all cases of this character. In the present case there was no threatened levy upon the plaintiff's property. Its appeal was pending, which suspended all proceedings for the collection of the tax. General Statutes, §1242. The plaintiff, therefore, at the time it made this payment, was under no compulsion to make it and the payment was purely voluntary. The only penalty it would have incurred for failing to make the payment prior to the decision of its appeal would have been the liability to pay interest at the rate of nine per centum from May 1st, 1926, upon the amount ultimately found to be due. Such liability did not make the payment an involuntary one. *Morris* v. *New Haven,* 78 Conn. 673, 63 Atl. 123. In *Underwood Typewriter Co.* v. *Chamberlain,* 92 Conn. 199, 102 Atl. 600, the plaintiff paid an income tax assessed against it

under Chapter 292 of the Public Acts of 1915 under protest and to avoid irreparable injury through the enforcement of the onerous penalties and coercive features of that Act, which provided for a penalty of five per centum of the unpaid tax, interest at the rate of three-quarters of one per centum per month, and that the unpaid tax became a lien upon the real estate of the company from the time it became due and was unpaid upon the filing of a certificate by the State treasurer. We held that the payment in that case was not voluntary but one made under moral duress arising from the coercive features of that Act. The same coercive features are not here involved, and, indeed, the plaintiff's complaint is not based upon any claim of coercion or duress. The trial court reached the conclusion that the overpayment was made under a mistake as to the plaintiff's rights and duties which was the ground of recovery relied upon in the complaint. The finding states that the plaintiff erroneously and mistakenly assumed that the Superior Court would hold upon its appeal that the legal value to be placed upon its property would be fifty per centum of the book value and that in computing the amount of its payment it mistakenly assumed that it would be determined by the court that a tax in the amount of $13,934.27 was justly due from it. The mistake, if any, which the plaintiff made lay in its failure accurately to forecast the decision of the Superior Court upon its tax appeal, a situation with which litigants are not infrequently confronted. As the plaintiff says in its brief, at the time this payment was made there was no way of determining how much was due except by guessing as to what the Superior Court's decision would be, and "the plaintiff guessed and guessed wrong." If, as stated in the finding, the plaintiff erroneously assumed that the court would hold that its property should be assessed at fifty per centum of its

book value, it did not compute the amount of its payment upon that assumption, since fifty per centum of its book value would be $1,051,443, and the tax at the rate of 13.9 mills upon that amount would be $14,615.05 and not $13,934.27, the amount of the payment made by the plaintiff. It does not appear from the finding how the amount of this payment was computed, except that the plaintiff assumed that that would be the amount which the court would find justly due. We have then a situation where a taxpayer, having a tax appeal pending in the Superior Court the result of which is uncertain, but being desirous of avoiding the interest penalty upon the amount which will ultimately be found to be owing, attempts to forecast the decision of the court, upon what basis of computation does not appear, and pays the amount thus arrived at only to find later that the decision of the court is more favorable to him than he had anticipated it would be. We fail to see the theory upon which it can be claimed that such a payment was made under a mistake of either fact or law. Neither in brief nor argument has the plaintiff pointed out any mistake made by it other than the fact that it erroneously guessed what its tax liability would be, nor has it advanced any reason or authority in support of its claim that a payment made under such circumstances was made under a mistake entitling it to relief in this action. The plaintiff cites two cases in which we have held that taxes paid under a mistake might be recovered. *Gilpatric* v. *Hartford,* 98 Conn. 471, 120 Atl. 317, was not an action by the taxpayer to recover taxes paid by mistake. The question there was whether the town of Suffield or the city of Hartford was entitled to taxes on shares of stock in certain insurance companies held by the estate of a decedent who had been a resident of Suffield, and we held that the statute required

that such taxes be paid to the State treasurer and by him remitted to the town where the decedent who owned such stock last dwelt, and that when the treasurer had, by mistake, paid these taxes to the city of Hartford instead of the town of Suffield, the latter was entitled to recover them. *Bridgeport Hydraulic Co.* v. *Bridgeport,* 103 Conn. 249, 130 Atl. 164, was a case of taxes paid under a mutual mistake of fact. The assessors by mistake placed certain property of the plaintiff in the column upon its list of property taxable in the second district of the city which paid an additional tax, whereas it should have been placed in the first district column and taxed at a lower rate. We held that the plaintiff was entitled to recover the amount of taxes overpaid by reason of this mistake. Neither of these cases, nor any others which we have found, are authority for the recovery of taxes paid under the circumstances here disclosed. The plaintiff's payment was voluntarily made with full knowledge of the facts and without an immediate or urgent necessity therefor. Such a payment cannot be recovered though the obligation paid was unenforcible or illegal. *Russell* v. *New Haven,* 51 Conn. 259; *Morris* v. *New Haven,* 78 Conn. 673, 63 Atl. 123; *Remington Arms Union Metallic Cartridge Co.* v. *Feeney Tool Co.,* 97 Conn. 129, 115 Atl. 629; *Crittenden* v. *Royce,* 100 Conn. 617, 124 Atl. 215. It is elementary that in the absence of duress, fraud, accident or mistake, the law does not recognize the privilege to pay an illegal demand and then sue for the money. 21 R. C. L. 141; 30 Cyc. 1311.

The finding does not justify a conclusion that the payment was a tentative one made with an understanding or agreement that there should be an adjustment after the decision upon the appeal, and no such claim was made by the plaintiff.

There is error, the judgment is set aside and the Superior Court directed to render judgment for the defendant.

In this opinion the other judges concurred.