SAVINGS BANK OF ROCKVILLE *vs.* ROY C. WILCOX, TREASURER OF THE STATE OF CONNECTICUT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

See Savings Bank of Rockville v. Wilcox, *ante,* p. 188.
Argued May 9th—decided July 18th, 1933.

*Anson T. McCook,* for the plaintiff.

*Ernest L. Averill,* Deputy Attorney-General, with whom was *H. Roger Jones,* Assistant Attorney-General, and, on the brief, *Warren B. Burrows,* Attorney-General, and *William H. Nelson,* Assistant Attorney-General, for the defendant.

HAINES, J.   The present plaintiff appealed from the board of equalization in assessing the state tax following its return to the tax commissioner made in January, 1932.   That appeal came before this court by reservation, at its April Term, 1933.   *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 167 Atl. 709.   The present action is referable to the returns made in January, 1931 and 1930, respectively, the claim being that there was an overpayment of the state tax for

1931 of $15,626.32 and for 1930 of $5315.80, and asking judgment for the return thereof with interest. While some of the items are the same in both actions, it is stipulated there shall not be a double recovery.

On its return, Exhibit A, filed January 5th, 1931, under the provisions of General Statutes, § 1285, the only deduction from the state tax claimed by the bank was the local tax paid by it upon its banking house. One half the state tax assessed upon that return was paid by the bank February 20th, 1931. On June 26th, the bank filed a "Supplemental Statement," Exhibit B, seeking to correct its January return by listing local taxes on certain other real estate, which it then claimed a right to deduct, the omission of which it asserted had been a mistake on its part. The amendment of the return was refused and the second instalment of the state tax was then paid by the bank, that portion in question being under protest. The further deductions claimed on Exhibit B consisted of certain local taxes paid by the bank during the year 1930, but all these taxes save one had been assessed against the record owners before the bank acquired the properties. The exception was a tax upon Nos. 120-132 Temple Street, Hartford, which the bank acquired December 21st, 1928, on which tax was assessed in 1929 in the name of the bank and which it paid in 1930.

Also, on June 26th, 1931, the bank filed a "Supplemental Statement," Exhibit D, to the return, Exhibit C, which it had made January 14th, 1930, likewise listing local taxes which it claimed it had mistakenly omitted from its return, Exhibit C. While these were all paid by the bank in 1929, all of them had been assessed against record owners before the bank acquired title. Save for the one exception which will be considered presently, the bank based its claimed right to deduct these taxes which had accrued when it

acquired title, upon the interpretation made by it of General Statutes, § 1285. Our conclusion in the decision of the plaintiff's appeal from the board of equalization, was that the deductions contemplated by General Statutes, Cum. Sup. 1931, § 241a, were the same as provided in this section 1285. The return required in each case was a list of properties assessed in the name of the bank the calendar year next but one preceding, and paid by the bank the calendar year next preceding the return, as appears by the first italicized portion of § 1285 in the footnote. The general language used in directing the deduction, as shown by the second italicized portion is "less the amount of taxes paid or payable by it upon real estate in Connecticut

Sec. 1285. Returns by, and tax on, savings banks. The treasurer of each savings bank shall, on or before the twentieth day of January, annually, deliver to the tax commissioner a sworn statement of the amount of all its deposits, exclusive of surplus, on the first day of said month; also of the amount invested in any bonds issued by this state, or by any town or city in the state, in aid of the construction of any railroad, and which, by the statutes of this state, are exempt from taxation; also of the amount exempted from taxation by the provisions of section 1286; *also of the assessed value of all real estate assessed against such savings bank in the year next but one preceding the first day of said January, together with a specific list of the same, and of the amount of taxes paid or payable thereon in the year preceding the first day of said January;* and each savings bank shall pay to the state, one-half on or before the twentieth day of February and one-half on or before the twentieth day of July in each year, a tax on its corporate franchise computed as follows: From the amount of its deposits, exclusive of surplus, shall be deducted fifty thousand dollars, and also the amount invested in any bonds issued by this state, or by any town or city in this state, in aid of the construction of any railroad, and which, by the statutes of this state, are exempt from taxation, and also the amount exempted from taxation by the provisions of section 1286; and the annual tax shall equal one-fourth of one per centum of the amount of its deposits remaining, *less the amount of taxes paid or payable by it upon its real estate in Connecticut during the year prior to the first day of said January.* Said state tax shall be in lieu of all other taxes upon savings banks, their deposits and surplus, except the aforesaid taxation upon their real estate.

during the year prior to the first day of said January." By analogy to the grounds stated more at length in the previous opinion above referred to, it is clear to us that the intent of the legislature here was to refer to the same real estate and that only which was within the specific language of the first portion of the statute. The necessary result of this interpretation is that none of the deductions claimed in this case can properly be allowed, unless the Temple Street property constitutes an exception to this ruling.

When the 1931 return was filed the fact was that this property had been assessed in the name of the bank in 1929 and the tax paid by it in 1930, and this clearly rendered it deductible on the return of 1931. The failure of the bank to claim it, it ascribes to its use of the blank furnished by the commissioner's office, and its assumption that that form was correct, together with the bank's own failure to consult the statute. Whatever bearing the wording of the return may have had on other items for deduction, there is nothing therein to justify the omission of this item—in fact the language used is clearly inclusive of it. We can only conclude that its omission was due solely to inadvertence or forgetfulness on the part of the bank itself. We must assume that if this item had been claimed in the return its deduction would have been allowed by the board. Its omission by the bank was strictly not a mistake, either of fact or law. It was charged with knowledge of this deductible item. A mistake of fact occurs where some fact which really exists is unknown or some fact is supposed to exist which does not exist. Pomeroy's Equity Jurisprudence (4th Ed.) § 853 *et seq*. Had it discovered its omission within one month, an appeal from the board under General Statutes, § 1124, would have furnished a remedy. Its present claim to a refund of this item must be justified if

at all by equitable considerations. If the bank had honestly mistaken its rights, or wrongly decided a doubtful question, its right to equitable relief would have been stronger, but apparently it merely overlooked this item which was clearly called for both by the blank it used and the statute as well. We cannot hold this to be other than a negligent omission on its part, and no responsibility therefor rested upon the adverse party.

We need not discuss the question whether the omission to claim a deduction to which the bank was entitled was the same in legal effect as an improper increase of its state tax. It is sufficient for the purposes of this case to point out that both the facts upon which the tax was computed and the payment thereof by the bank were purely voluntary acts. It failed to make a completely accurate return, just as the plaintiff in *Verran Co.* v. *Stamford,* 108 Conn. 47, 50, 142 Atl. 578, failed to estimate its tax with accuracy, with the result that the municipality was enriched beyond the amount which it could otherwise have collected. It was true in that case as it is in this, that such payment, free from any element of coercion, when the plaintiff knew or was charged with knowledge of the facts, cannot be recovered in an action for a refund. *Morris* v. *New Haven,* 78 Conn. 673, 63 Atl. 123; *Russell* v. *New Haven,* 51 Conn. 259, 264; 3 Cooley, Taxation (4th Ed.) § 1295. "Mistake as a basis for refunding taxes is a misapprehension or misunderstanding arising from ignorance, an essential prerequisite, and is distinguished from that inattention or absence of thought which are inherent in negligence, and is not such as results from inadvertence or negligence." *Shenango Furnace Co.* v. *Fairfield Township,* 229 Pa. St. 357, 375, 78 Atl. 937, 943.

We conclude that the bank is not now entitled to a

refund of any of the deductions which it claims in this action, and this conclusion sufficiently answers all the questions propounded to us.

No costs will be taxed in this court.

In this opinion the other judges concurred.