## ANNIE AIKEN PHILLIPS
### vs.
## JOHN MAREK

Superior Court      Fairfield County      File #43887

Present:  Hon. JOHN A. CORNELL, Judge.

Curtis, Brinckerhoff & Barrett, Attorneys for the Plaintiff.

Mernstein & Weissman;
Louis M. Altman;      Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 25, 1935.

CORNELL, J.  This motion is occasioned by the fact that the plaintiff, first mortgagee has been in possession of the foreclosed premises, collecting the rents from occupants of same.

After it had previously been extended, the day of redemption passed on June 25 and the next succeeding day or days fixed in the judgment.

On June 7th, 1935 the moving defendant who was the holder of a mortgage subject to the plaintiff's, made the instant motion.

It is well settled that a mortgagee in possession must account to the mortgagor for rentals collected by him while in possession.  Hartford Realization Co. vs. Traveler's Insurance Co. 117 Conn., 218, 228.  Desederios vs. Iadonisi, 115 Conn., 652, 654.

The same equitable considerations which are accountable for the rule stated, inhere in the relationship which a subsequent mortgagor or other lienee bears to the mortgaged premises.

Nothing in the fact that an accounting was not asked before the judgment was, entered militates against the entertainment of the motion subsequent thereto.

To hold otherwise would' be to conclude that a receiver or mortgagee in possession would be exempt from accounting for rentals collected by him subsequent to the day of judgment and pending the passing of the final day of redemption.

It is our accepted practice, as, of course, it must be, in the case of receivers of rents that the accounting be made and distribution ordered after the day of redemption has expired. As a matter of practicability, it could not be otherwise.

By analogy the same rule should apply to a mortgagee in possession.

The motion is granted and the plaintiff ordered to file an itemized statement of all rents, profits and income collected by her while in possession of the mortgaged premises together with the expenditures made therefrom, and the purposes for which and dates when such expenditures were made, and showing what balance, if any, remains in her hands, all on or before July 10, 1935.