THE BRIDGEPORT SCREW COMPANY *v*. CITY OF BRIDGEPORT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 16—decided June 26, 1939.

*Albert J. Merritt,* for the appellant (plaintiff).

*David Goldstein,* for the appellee (defendant).

HINMAN, J.   The plaintiff has owned since 1912 a factory site in Bridgeport, bounded on the north on land of the New York, New Haven and Hartford Railroad Company, east on Union Avenue, south on Williston Street, and west on Central Avenue.   The tract was so described in the deed by which the corporation obtained title, and no dimensions were given. Tax lists giving the same description as contained in the deed were filed by the plaintiff for the years 1926 and 1927.   There is a fence on the northern boundary of the property but it was not mentioned in the deed or in these lists.   From 1928 to 1934 inclusive, in accordance with a special act concerning the filing of lists in the city of Bridgeport (20 Special Laws, p. 703) no tax lists were filed by the plaintiff; the tax assessor prepared tax abstract books listing the taxpayers alphabetically, giving the number of blocking lot and the amount of the assessment of the land, buildings and other property.   Commencing in 1925 the assessor, in assessing property, made use of survey maps made for that purpose by the city engineer.   In laying assessments on the plaintiff's land he used one of these maps, which did not show the fence or boundary line on the north side of the lot, and he erroneously included in the assessment a strip of land north of the plaintiff's land.   This erroneous assessment amounted

to $14,673, and the total overpayments of taxes based thereon, from 1927 to 1934 inclusive, amounted to $3556.03. The plaintiff had no knowledge of the error until it was revealed by a search made by the Reconstruction Finance Corporation to substantiate an application for a loan.

The finding, which is not attacked, states the foregoing facts, also that "An examination by the appellant of the public records of the city of Bridgeport, including the tax roll and abstract, would show the blocking lot, the assessment of the land, building and other items. These were available and open for inspection to the public, and would have disclosed the over-assessment made by the city of Bridgeport on the property of the appellant. The appellant, through its officers, had knowledge that said records were available for inspection and did not avail itself of their use." It is also found that the plaintiff paid its taxes voluntarily and without any coercion, nor was there any protest made at the times of payment. The substance of the conclusions reached is that the over-assessment was due to lack of care by the plaintiff in so describing its property, in its lists for 1926 and 1927; that the description was capable of being interpreted as it was by the assessor; that the mistake would have been readily discoverable by the plaintiff if it had seasonably taken the available and proper means to ascertain whether the valuation was correct; and that the taxes were paid voluntarily. Assignments of error in these conclusions are determinative of this appeal.

The unquestioned finding that the plaintiff paid voluntarily, without coercion and without protest, renders any right of recovery dependent upon a showing of such mistake of fact and lack of knowledge or means of knowledge thereof as would permit recovery notwithstanding the voluntary payment. "The mis-

take must be that of the taxing officers and not made by the taxpayer, materially contributed to by him, or attributable to his own neglect of some legal duty. 3 Cooley, Taxation, § 1295, p. 2582; 61 C. J., p. 991. Obvious reasons of public policy require limitation of recovery back because of mistake in assessment of taxes voluntarily paid, particularly where the error relates to facts which are within the actual or imputed knowledge of the individual property owner. Assessors have to deal with a multitude of tax lists, involving many pieces of property the details as to which . . . are familiar to the owner, who is therefore in a position to give accurate information regarding them, while practical limitations upon the assessors as to time and in other respects preclude resort to land records and other sources of information as to the property covered by these lists. To accord a right of recovery in every case where, after assessments have been made without appeal, budgets and rates predicated thereon, the taxes paid without objection or protest, and the moneys expended for the public purposes, it afterward develops that some mistake has been made in the assessment, would work disastrous results. It must of necessity be confined to extreme and exceptional cases." *Pitt* v. *Stamford,* 117 Conn. 388, 392, 167 Atl. 919; *Verran Co.* v. *Stamford,* 108 Conn. 47, 49, 142 Atl. 578.

Especially, with the aid to a better understanding of the finding afforded by permissible reference for that purpose to the memorandum of decision (*Van Tassel* v. *Spring Perch Co.,* 113 Conn. 636, 647, 155 Atl. 832), it appears that the error and the resulting over-assessment originated with the assessments based upon the tax lists filed by the plaintiff for the years 1926 and 1927. These, the finding shows, described the property only by mention of abutting streets and landowner. If the plaintiff, instead of accepting the assessments

made, which were based on the lists so filed by it, had then investigated as to the dimensions of the lot upon which it was taxed, the error, under the facts as found, would have been seasonably discovered and corrected. The natural effect of plaintiff's continued acquiescence would be to indicate to the taxing authorities that the construction they had placed upon the meager description which the plaintiff furnished in its lists was correct. In the absence of mention of the fence in the lists, nothing but an inspection of the locus would reveal its existence and significance as to the area of the lot. It was not incumbent upon the taxing authorities to make this for the purpose of supplying deficiencies in the description given in the lists. *Pitt* v. *Stamford,* supra, 396. As to the assessments based on these lists, the plaintiff's lack of care and particularity in describing its property and its failure to resort to the available means for confirming the correctness of the area and consequent valuation ascribed to the land by the assessor was such as to deprive it of a right to recover back a resulting over-assessment. *Pitt* v. *Stamford,* supra, 396.

As to the subsequent years, it is obvious that the error referable to the lists just mentioned was carried over and continued in the tax roll and abstract which was a substitute for lists filed by the taxpayer and which, under the changed system then inaugurated, was prepared by the taxing authorities, and is attributable to the same cause as that as to the earlier lists. The records constituting this substitute were open to inspection, to the knowledge of the plaintiff, and it is found that such inspection "would have disclosed the over-assessment." Reasonable care would dictate investigation of the correctness of the basis of assessments made in this manner even more, if possible, than when they are based, as is usual and as thereto-

fore in Bridgeport, upon lists filed by the taxpayers themselves. The conclusion that these later over-assessments also were attributable to lack of care by the plaintiff is supported by the facts found. The principles held determinative in *Pitt* v. *Stamford*, supra, are applicable and decisive here. The plaintiff is chargeable with at least material contribution to the mistake, and it is found to have been discoverable by such investigation by it as reasonable prudence would suggest.

Upon the facts of this case, *Bridgeport Hydraulic Co.* v. *Bridgeport*, 103 Conn. 249, 130 Atl. 164, is inapplicable, as it was held to be (p. 396) as to *Pitt* v. *Stamford*. There the error was not due to deficiencies in the list filed, and was not in the description of the property or the valuation placed upon it by the assessors. It occurred subsequent to these steps in the assessment of the tax and the plaintiff was found not chargeable with it in any degree. It was due solely to a mistake of the taxing authorities in entering, in the abstract of the tax lists afterward prepared by them, the assessed value of all of the taxpayer's property as in one district although considerable of it was located in another district where the rate of taxation was lower, and it was held (p. 257) that the duty of the taxpayer did not extend to investigation of that abstract. As above indicated, the records which the present plaintiff was found remiss in not resorting to were of a different nature, being analogous to the tax lists and indicia of the action of the assessors thereon, under ordinary systems of assessment. The conclusions must be sustained in all material respects and call for and support the judgment for the defendant.

There is no error.

In this opinion the other judges concurred.