WOLF'S NEW PROCESS ABRASIVE WHEEL, INC. v. NATHAN RESNIK ET AL., EXECUTORS (ESTATE OF RUDOLPH WOLF)

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 73141

Memorandum filed January 27, 1950.

*Denis T. O'Brien, Jr.,* of Meriden, for the Plaintiff.

*Louis Weinstein,* of New Haven, for the Defendants.

TROLAND, J. On December 13, 1924, the plaintiff and Rudolph Wolf entered into a contract under the terms of which the plaintiff agreed to pay Rudolph Wolf $100 per week during the existence of the plaintiff corporation. The consideration for this undertaking on the part of the plaintiff was the agreement of Rudolph Wolf to retire as president of the corporation and his promise not at any time for the period of the

contract, alone or jointly, with or as agent for, or employee of any person directly or indirectly, to conduct, be engaged or employed or interested in or carry on either in the United States or in any foreign country, any occupation, interest or privileges similar or of the same nature with the business, occupation, interests, and privileges theretofore exercised or carried on by said Rudolph Wolf in Wolf's New Process Abrasive Wheel, Inc.

It is the same contract involved in No. 72186, in which the parties hereto are reversed and in which case a demurrer to the amended substituted complaint was sustained this date.

In accordance with this agreement the plaintiff paid Rudolph Wolf $100 per week from December 13, 1924, to November 12, 1948, or a total of $124,000. Rudolph Wolf died on November 12, 1948, and the defendants are his executors. The plaintiff now claims that the agreement of December 13, 1924, under which it made the above payments, was void and illegal, because of the restriction on the activities of Rudolph Wolf made therein, which are alleged to constitute an unreasonable restraint of trade and to be against public policy. There are other grounds of illegality alleged which appear to be substantial but which need not be discussed here.

The plaintiff seeks a declaratory judgment that the agreement is null and void. It further seeks the return by the executors of Rudolph Wolf of all the money paid by the plaintiff to Rudolph Wolf in his lifetime under said contract.

It seems clear that the plaintiff is entitled to a declaratory judgment that said agreement is null and void. Inspection of the contract indicates clearly that because of unreasonable restraint on the activities of Rudolph Wolf it is contrary to the public policy of our state as expressed in a number of decisions. The defendants by this demurrer admit the properly pleaded facts, on the basis of which the conclusion is inescapable that the contract which is the basis of this action is illegal.

Briefly, the agreement is illegal and contrary to public policy because of the unreasonable requirement therein for the benefit of the plaintiff, that in exchange for the payment by the plaintiff to him of $100 per week Rudolph Wolf would submit to a restraint of his activities in business, unlimited as to time and worldwide in scope. *Cook* v. *Johnson,* 47 Conn. 175, 178; *Styles* v. *Lyon,* 87 Conn. 23, 26; *Beit* v. *Beit,* 135 Conn. 195, 202.

The agreement was of course illegal from the beginning, but acting under it the plaintiff paid to Mr. Wolf each week during his lifetime the sums prescribed, and an inference properly to be drawn from the pleadings is that he submitted to this restraint on his activities as prescribed until he died. This raises the question: Is the plaintiff entitled to the relief it seeks by way of damages? Is it entitled on its pleadings to recover the sums heretofore paid? It appears that the payments were voluntarily made. There is no allegation that the payments were made under legal duress or because of any fraud on the part of the defendant's decedent.

The plaintiff on argument and in brief admits that the parties are in pari delicto but naively suggests it is entitled to maintain this action to recover the sums it had paid under a contract obviously made illegal by its own excessive demands upon Wolf, because in so doing it claims it is prosecuting and furthering the public policy of the state of Connecticut.

It seems to the court that there is a well-established principle of our law and a sound principle of public policy which prevents the court from acting to relieve either party from the consequences of an unlawful contract which has been executed by the parties. The court does not give the contract effect, it simply refuses its aid to undo what the parties have already done.

The general rule as to executed contracts is that if the parties be in pari delicto they be left where they have placed themselves. The courts of this state cannot assist those who prosecute their business contrary to its settled policy, either in the prosecution of that business, or after its prosecution has ceased. *Vaszauskas* v. *Vaszauskas,* 115 Conn. 418, 425; *Tator* v. *Valden,* 124 Conn. 96, 101. There is further authority which denies the plaintiff the relief it seeks herein. Where payments are made under a void or illegal contract they cannot be recouped if they were voluntarily made. *Crittenden* v. *Royce,* 100 Conn. 617, 620; *Morris* v. *New Haven,* 78 Conn. 673, 675.

For the above reasons the demurrer to the complaint is sustained on the first and second grounds.