[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8103
The plaintiff has brought this summary process action based on nonpayment of rent alleging that it "is mortgagee in possession of said premises pursuant to the terms of two mortgage deeds and written authorization. . . ." The defendant has moved to dismiss, claiming that although the plaintiff has brought an action to foreclose its mortgage, that action has not gone to judgment and that title has not yet vested in the plaintiff.
The defendant relies on General Statutes § 47a-27
entitled "Summary process by assignee and mortgagee" and which provides: "The remedy provided by this chapter in favor of lessors shall extend to all persons deriving title from the lessor or lessee of any land, building, apartment or dwelling unit and to the mortgagee of any land, building, apartment or dwelling unit, after his title has become absolute by foreclosure, and to all persons deriving title from him, or from the mortgagor. On a complaint by the mortgagee or his assigns, it shall be sufficient for him to prove the mortgage and his title thereunder, the foreclosure and the failure to redeem, that notice to quit at or after the expiration of the time limited for redemption has been served on the defendant and that he is the mortgagor, or one holding under him, and holds possession after the expiration of the term specified in such notice, unless the defendant can show a superior title in himself."
General Statutes § 47a-23 provides that a summary process action may be brought by "the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact. . . ." General Statutes § 47a-1(e) defines "owner" as "one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises and includes a mortgagee in possession." (Emphasis added.)
It is settled that "when two statutes relate to the same subject matter every effort should be made to find a reasonable field for the operation of both statutes. State v. Carbone,172 Conn. 242, 256, 374 A.2d 215 (1977)." Blue Cross Blue Shield ofConnecticut v. Mike, 184 Conn. 352362, 439 A.2d 1026 (1981). In accordance with this canon of construction, it is clear that the legislature intended by its definition of "owner" in General Statutes § 47a-1 that a mortgagee in possession could bring a CT Page 8104 summary process action. Where a mortgagee is not in possession, the mortgagee must proceed, if at all, in accordance with General Statutes § 47a-27.
It is settled that "an ordinary mortgagee leaving the mortgagor in possession is not in the same relation to the mortgagor as is a mortgagee in possession." Crittenden v. Royce,100 Conn. 617, 620, 124 A. 215 (1924). A mortgagee is entitled to possession and has an immediate right of entry which he may assert without bringing an action for possession, and that such a mortgagee in possession is entitled to collect rents due subsequent to said entry, being only liable on foreclosure or redemption of the premises to account for them. In other words, that the mortgagee in possession is in a sense a receiver of rents. Hartford Realization Co. vs. TravelersInsurance Co., 117 Conn. 218, 167 A. 728 (1934); Home Owners LoanCorp. v. Manchester Water Co., 6 Conn. Sup. 157, 159 (1938) . Thus, a mortgagee in possession must account to the mortgagor for rentals collected by him while in possession. HartfordRealization Co. v. Traveler's Insurance Co., supra,117 Conn. 228 ; Desederios v. Iadonisi, 115 Conn. 652, 654, 163 A. 254
(1933); Andrews v. New Britain National Bank, 113 Conn. 467, 472,155 A. 838 (1931); Phillips v. Marek, 2 Conn. Sup. 139 (1935)
The motion to dismiss is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court