[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On or about June 6, 1989, the plaintiffs, C. Douglas Columb and Simone S. Columb (hereinafter referred to as "Plaintiffs") transferred real CT Page 9221 property known as 76-78 Garden Street, Stamford, Connecticut, to the defendant Lloyd Elliott (hereinafter referred to as "Defendant") by Warrantee deed of that date. On the same day, Defendant executed a promissory note in the original principal sum of $230,000.00 to finance the purchase of the property, and to secure that sum, executed a mortgage and assignment of rents in favor of Plaintiffs, which mortgage and assignment were recorded June 7, 1989 in Volume 3439 at page 64 of the Stamford Land Records. A copy of said note and mortgage is attached hereto as Exhibit A. The mortgage and note originally provided for payments of interest only at the rate of ten per cent per annum, in the amount of $1,916.00 per month commencing June 6, 1989 and the sixth of each and every month thereafter until the maturity date of June 6, 1994, at which time full balance would be payable in a balloon payment. Said note and mortgage was subsequently modified by agreement dated July, 1994, extending the term to June 6, 1999.
The mortgage provides inter alia, that Defendant shall comply with all present and future laws, ordinances, rules, and regulations of duly constituted government authority affecting said premises; (See Paragraph 4); that Defendant will not commit waste or suffer the same to be committed on the premises; (See Paragraph 5 (; that Defendant shall maintain all improvements presently or hereafter erected on said premises in good and sufficient repair; (See Paragraph 7); that if Defendant shall fail to perform any act under this mortgage, then Plaintiffs may, at their option, perform such act and add the same or costs of same, including reasonable attorney's fees, to the principal due under the note: (See Paragraph 8); that Defendant will inform Plaintiffs in writing if Defendant receives notice from any governmental body that the property, or use, occupation or maintenance of that property, violates any law, and the Defendant agrees to correct such violation within sixty days (See Paragraph 11); and that Defendant gives to Plaintiffs the right to collect all rents from tenants of the property if Defendant defaults in any provision of the Mortgage and Mortgage note secured by this Mortgage. (See Paragraph 12). Further assigiiments under the provide that if default shall occur in the performance of any agreement, covenant, condition or obligation contained in this Mortgage or note secured by the same, all unpaid principal and interest accrued thereon, together with any amounts paid or expended by Plaintiffs shall become immediately due and payable at Plaintiffs' option (See Further Agreement #1); and that plaintiffs shall have reasonable access to the mortgage premises at reasonable times, in order to inspect the same to insure the premises is kept in good and sufficient repair. (See Further Agreement #2).
There is no argument that under ordinary circumstances, a mortgagor is regarded as the owner of the real property secured by the mortgage; Tobyv. Reed, 9 Conn. 2 16-224; McKelvey v. Creevey, 72 Conn. 464, 467. As CT Page 9222 long as the mortgagor continues in possession, he is entitled to the rents and profits derived from the land and need not account to the mortgagee. Rockwell v. Bradley, 2 Conn. 1, 15; Cooper v. Davis,15 Conn. 556-560. However, the mortgagee is entitled to possession of the land if he cares to assert that right. McKelvey v. Creevey, supra;Chamberlain v. Thompson, 10n Conn. 243, 251; Clark v. Beach, 6 Conn. 142,151. "Under the theory of mortgages which we have always followed in this State a mortgage gets the legal title to the property and in the absence of an agreement or other circumstances debarring him from so doing, is entitled to possession." Hartford Realization Co. v. Travelers InsuranceCo., 117 Conn. 218, 223-224; Olean v. Treglia, 190 Conn. 756, 770. A mortgagee has an immediate right of entry which, unless he violates some principle of law, he may assert without bringing an action. HartfordRealization Co. v. Travelers Insurance Co., supra at page 224; FultonForbes, Inc., Antonio, 1997 Ct. Sup. 8102 (1997). A mortgage has the right to enter into possession of the subject property in order to protect his security so long as he can do so peaceably. HartfordRealization, supra; Desiderio v. Iadonisi, 115 Conn. 652, 654.
The Defendant is under a Chapter 11 plan of reorganization that was approved by the United States Bankruptcy Court on April 18, 2000. Plaintiffs recognize that the confirmed plan is binding upon them with respect to terms of repayment thereunder and that the defendant is thus discharged from personal liability on the note. However, Plaintiffs' mortgage otherwise remains unaffected.
A mortgage holding a recorded mortgage and assignment of rents to secure payment of the mortgage obligation has, through recording on the land records, a fully peffected interest in rents, enforceable after mortgagor files a Chapter 11 petition, even though the mortgagee has not taken any pre-petition action to enforce its claim to rents following default by mortgagor. Matter of Sansone, 126 B.R. 16 (Bankr. D. Conn., (1991). Its express right to reasonable access to the mortgaged premises at reasonable times in order to inspect the same to insure the premises is kept in good and sufficient repair and to perform such act and add the same or costs of same, including reasonable attorney's fees, to the principal due under the note survive the confirmation.
The motion for access by the plaintiff is granted.
HICKEY, J.