Louis H. Weiner et al. *v.* Anna R. Minor et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued January 7th—decided February 1st, 1938.

*Joseph Weiner*, for the appellants (plaintiffs).

*Nathan Passell*, with whom was *Thomas H. Cox*, for the appellees (defendants).

Maltbie, C. J.   In this action the plaintiffs sought to recover of the defendants the sum of $843.06 on the ground that the money was paid under duress.  Amplifying somewhat the finding by adding certain undisputed matters, the situation as presented is as follows: On April 12th, 1927, Herman Feldman owned a piece of property in New Haven on which were three mortgages, the first for $100,000, the second, owned by the

defendant Anna R. Minor, for $55,000, but upon which there was due $44,500 with interest from February 7th, 1927, and the third, originally for $10,000, in the name of the plaintiff Weiner but a half interest in which was owned by the plaintiff Horwitz. Feldman desired to refinance the mortgage obligations on the property and to that end entered into negotiations with the New York Life Insurance Company to take a first mortgage for $90,000 in place of the one on the property, at a decreased rate of interest. In order to carry out this arrangement he made a written contract with Miss Minor in which she agreed to release her mortgage to permit the new mortgage to be made as a first mortgage and Feldman agreed to give her a new second mortgage for $46,500; the agreement stated that the consideration for her new mortgage was to be "the present indebtedness" upon the one she then held "plus the additional amount" agreed upon for the release of the old and the giving of the new mortgage; and also that the agreement would expire on June 1st, 1927, that time was the essence of the agreement and that if it was not performed by that day Miss Minor would be released from all obligations under it. On May 18th Feldman executed the new first mortgage but the transaction was not then closed. On May 21st the owner of the original first mortgage brought foreclosure proceedings on it. On June 1st Feldman, by his attorney, requested Miss Minor to release her mortgage in accordance with the agreement between them. She claimed that under the agreement she was entitled to interest from February 7th to June 1st, 1927, amounting to $843.06, and was under no obligation to give a release until this was paid, and refused the release. Feldman claimed that he was under no duty to pay this interest and refused to pay it; and Miss Minor did not release her mortgage. Two days later,

however, he, having reconsidered the matter, decided to and did pay Miss Minor the sum in dispute and she thereupon gave the release.

The trial court further found that this payment was entirely voluntary; that it was made to enable Feldman to avail himself of the more favorable terms of the new first mortgage; that Feldman was not threatened with loss of his property; and that no threat or compulsion of any kind was placed upon him to cause him to make the payment. The plaintiffs have requested that the finding be corrected to state that the payment was made because the plaintiffs and Feldman were faced with a complete loss of their interests in the property unless they could secure the release of the second mortgage, by reason of the fact that the New York Life Insurance Company would not, in that event, accept the new mortgage and the owner of the existing first mortgage would foreclose it; that Feldman would be compelled to make expenditures in connection with refinancing of the mortgages amounting to some $650 which would be payable even if the refinancing was not carried out; and that the payment to Miss Minor was made under urgent necessity and the result of duress. The only witness at the trial was the plaintiff Horwitz, and while his testimony if fully accepted by the court would have supported to a considerable extent the statements sought to be added to the finding, how far the trial court would credit that testimony was for it to determine, and we cannot say that, as matter of law, it was bound to give credit to all of it. *Doty* v. *Wheeler*, 120 Conn. 672, 677, 182 Atl. 468. Lacking the corrections sought, the finding obviously would not support the claim of the plaintiffs.

That aside, the trial court in the finding very tersely stated its conclusion, merely overruling the claim of the plaintiffs that the payment in question was invol-

untary and made under duress. If we turn to the memorandum of decision, as we may to find the basis of its judgment, we find that it concluded not only that the payment could not be regarded as involuntary but that no wrong of any kind on the part of Miss Minor was shown. It is inherent in duress that the acts or threats claimed to constitute it should be wrongful. Restatement, Contracts, Vol. 2, § 492, Par. (g), p. 941. The finding is in effect that Miss Minor honestly believed herself entitled to the interest she claimed, and the terms of the agreement between her and Feldman are certainly not so clear to the contrary that her construction of it can be said to be groundless. Where one insists on a payment which he honestly believes he is entitled to receive, certainly unless that belief is without any reasonable ground, his conduct is not wrongful and does not constitute duress. *Remington Arms U. M. C. Co.* v. *Feeney Tool Co.*, 97 Conn. 129, 132, 115 Atl. 629; *Jensen* v. *Monroe*, 61 Mass. (7 Cush.) 125, 131; *Gardner* v. *Herbert*, 165 Wash. 429, 432, 5 Pac. (2d) 782; 5 Williston, Contracts (Revised Ed.) p. 4501. In the *Remington Arms Co.* case it is pointed out that the recovery of taxes paid to escape the penalties imposed by the statutes, decisions as to which are relied upon by the plaintiffs, stands upon a ground of its own, in which public policy has a large place. *Underwood Typewriter Co.* v. *Chamberlain,* 92 Conn. 199, 204, 102 Atl. 60. The trial court correctly held that the facts did not show such duress as to entitle the plaintiffs to recover the amount paid to Miss Minor.

There is no error.

In this opinion the other judges concurred.