[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action against the defendant to collect on a promissory note in the amount of $2,500.00. The defendant essentially admits the execution of the note but denies that he agreed to repay that sum and alleges as a special defense that his signature on the note was obtained under duress.
The plaintiff has moved for summary judgment and has accompanied his motion with an affidavit setting forth the sequence of events leading up to the execution of the note. The CT Page 3390 affidavit of the plaintiff states that he released a mortgage on property to be purchased by the defendant and that the note for $2,500.00 formed part of the consideration for that release.
In a counter-affidavit the defendant states that at some point prior to the execution of the note, he and the plaintiff agreed that the defendant would pay to the plaintiff the sum of $5,000.00 in return for which the plaintiff would release his mortgage. The defendant further states that in reliance upon such agreement he paid $7,500.00 in points to a bank, paid the plaintiff $5,000.00, incurred closing costs, and made extensive preparations to vacate his old store and renovate the new store. In substance the defendant claims he was financially compelled to go through with the purchase of the subject property.
"The party moving for summary judgment `has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." State v. Goggin, 208 Conn. 606, 616 (1988).
Therefore, while the affidavits submitted by the parties create factual issues, such issues must be resolved in favor of the defendant for the purpose of deciding the plaintiff's motion for summary judgment.
A party claiming duress must establish that the conduct of one against whom such claim is made, was wrongful. Second New Haven Bank v. Quinn, 1 Conn. App. 78, 82 (1983). It has been held that "where one insists upon a payment which he honestly believes he is entitled to receive, certainly unless that belief is without any reasonable ground, his conduct is not wrongful and does not constitute duress." Weiner v. Minor, 124 Conn. 92, 95
(1938). While it does appear that the $2,500.00 sum represented by the note in question did not result in the plaintiff claiming that he was owed more than the balance due him under the mortgage, the defendant has a colorable claim that an enforceable agreement existed between the parties that the plaintiff would release the mortgage in return for the payment made by the defendant in the amount of $5,000.00. To then refuse to execute such a release unless an additional $2,500.00 is paid, would arguably be "wrongful" as constituting a breach of that CT Page 3391 agreement.
It appears that the actual closing took place more than two months after the note was signed. However, in light of the facts set forth in the defendant's affidavit, as to the actions he took in preparation therefore, it would appear that a genuine issue of material fact is presented as to whether the note was signed as a result of "a pressing, controlling, and immediate necessity . . . to escape a threatened injury." See Critenden v. Royce, 100 Conn. 617,621 (1924).
For all the above reasons the plaintiff's motion for summary judgment is denied.
Bruce W. Thompson, Judge