[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This case is an action brought by three shareholders of Genitron, Inc. and Trico Trucking, Inc., Frank Perrotti, Jr., William Lockwood, and Ronald Bertasi against three other shareholders, Domenick Knox, Richard Chiodo and Joseph Braca, for the return of certain funds which were loaned to the corporations. These shareholder loans were made pursuant to, certain written and oral agreements concerning obligations of the shareholders to provide funding to the corporations. Both Genitron and Trico sustained losses far in excess of their remaining assets. The primary asset of the corporations is a return of certain deposit funds that Genitron has previously deposited with the town of Stratford and Aerimpianti, an Italian Corporation, in the amount of $512,500.00. The issue in the case is the distribution of these funds to the shareholders as creditors. The deposit money is currently being held in an escrow account and is the subject of a temporary restraining order. The plaintiffs presented evidence at trial which substantiated their claim that they made loans to the corporations in excess of their proportionate share of stock ownership in the corporations. The plaintiffs further presented evidence that the shareholders initially agreed to make loans to the corporation in amounts equal to their respective shares of stock ownership. The plaintiffs then claim an oral agreement that to the extent that loans were disproportionate to the ratio of stock ownership, it was agreed by the shareholders that the amounts in excess of such ratio would be paid back prior to the payback of loans which were in proportion to each stockholders relative ownership share.
The existence of the alleged oral agreement for a priority of payback was hotly contested at trial. Each side called witnesses to support its position that such an agreement existed or did not exist. The defendants failed to call a witness which might entitle the plaintiffs to an adverse inference in accordance with the holding in Secondino v. New Haven Gas Co., 147 Conn. 672 (1960).
The defendants asserted as defenses the Statute of Limitations CT Page 764 Conn. Gen. Stat. 52-581, the Statute of Frauds Conn. Gen. Stat. 52-550
and most importantly an alleged settlement between the parties. The plaintiffs interposed a claim of duress as a reply to the special defense of settlement. There is little question that a settlement was entered into by the parties. The terms of that settlement are set forth in plaintiff's Exhibit B, a letter from William J. Britt to David Silverstone dated February 1, 1991. That letter confirms an agreement between the plaintiffs and defendants and provided in pertinent part:
 "Rather than going through the time and expense of an examination of the books and record by independent auditors, my clients are willing to execute and deliver the indemnities and releases subject to the following terms and conditions:
 1) All monies due the corporations from Stratford or Aerimpianti will be paid to you as escrow agent.
 2) You agree to pay the principal amount of bank debt due CBT and CNB plus any interest accrued thereon.
 3) You agree to pay legal and accounting fees not to exceed $14,000.00.
 4) Of the settlement monies remaining after the above payments you agree to pay 35% thereof to Brody Brody, escrow agent for Domenick Knox, Richard Chiodo and Joseph Braca. We in turn will deliver to you, the stock certificates in both corporations endorsed to the order of the corporations or to any of the remaining shareholders.
The plaintiffs do not deny that the settlement agreement was reached. Rather they argue that the settlement was procured by duress. The testimony supported the contention that Knox and Chiodo would not sign releases or indemnity agreements unless they were guaranteed a certain percentage of the deposit money. Both Bertasi and Perrotti testified that they felt they had no choice but to accept the demands of the defendants. The testimony further supported the conclusion that the town of Stratford would not agree CT Page 765 to return any money unless all shareholders signed releases and indemnity agreements. The threat of withholding the individual signatures would have jeopardized the return of the deposit money and exposed Genitron to the prospect of a costly lawsuit to recover its funds. There was testimony that the town manager, Ron Owens, was about to leave office and after his departure a voluntary settlement with the town might be impossible even if the necessary signatures were obtained.
The fact that a person has made a payment or settlement under protest does not in itself establish duress. Crittenden v. Royce,100 Conn. 617, 621. Further it has been held that
 "Where one insists upon a payment which he honestly believes he is entitled to receive, certainly unless that belief is without any reasonable ground, his conduct is not wrongful and does not constitute duress." Weiner v. Miner, 124 Conn. 92, 95 (1938).
Since the court holds that the settlement agreement was entered into and was not produced by duress, it is not necessary for the court to reach the question of whether an oral agreement was entered into which provided for a priority of payment as claimed by the plaintiffs. The court is at least satisfied that when the defendants insisted upon some payments as a condition of signing the releases and indemnity agreements, they could have honestly believed that they were entitled to receive money and such a belief is not entirely without reasonable grounds. Therefore, it is the holding of the court that the defendants conduct at the time of negotiating the settlement was not wrongful and did not constitute duress. In addition the court would note that the documents required by the town from the parties included not only releases but also indemnity agreements.
Given the nature of the underlying original contract between the parties and the town to build a state of the art waste treatment plant, the indemnity agreements may have represented significant potential liabilities for the signatories. If the defendants had signed the releases for the town along with the required indemnity agreements without insisting on some payment they could well have exposed themselves to significant potential liability and received nothing in return. Certainly, it was not wrongful for the defendants to demand compensation in exchange for assuming this potential liability. CT Page 766
Accordingly, the court holds that while it is unnecessary to find whether there was an oral agreement for priority of payment, the defendants had a sufficient basis for a belief in their entitlement to repayment of the loans on a pro rata basis together with a basis for a belief to an entitlement to payment because they were being asked to sign indemnity agreements to make the settlement agreement enforceable. The court holds that the action of the defendants in insisting on payment was not wrongful and the agreement was not signed under duress.
The court holds that the defendants have prevailed in their third special defense that the plaintiffs entered into an agreement with the defendants on or about February 19, 1991. Therefore, the court orders that the monies being held by the escrow agent shall be used first to pay the principal amount of the bank debt due CBT and CNB plus any accrued interest thereon, that the money may be used to pay legal and accounting fees not to exceed $14,000.00 that of the remaining monies 35% shall be paid to Brody Brody escrow agents for Domenick Knox, Richard Chiodo and John Braca. Knox, Chiodo and Braca are directed to deliver any stock certificates in either corporation endorsed to the order of the corporation or to any remaining shareholders as determined by the plaintiffs. The court further finds that under the settlement agreement embodied in the letter dated February 1, 1991, it was the intention of the defendants to surrender all interest in the corporations and all claims as creditors of the corporations. Accordingly, while the court is prepared to find the settlement agreement enforceable, the court likewise finds that any additional or after discovered assets of either corporation shall be distributed to the plaintiffs, whether as stockholders or creditors, and that the defendants shall have no rights against such assets either as stockholders or as creditors of the corporation. The agreement embodied in plaintiff's Exhibit B may fairly be read as a full and complete settlement between the parties both of their relationships as stockholders and of their relationships as creditors of the closely held corporation.
The court by,
Kevin E. Booth, Judge CT Page 767