[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE
The plaintiff by its motion to strike is attempting to test the legal sufficiency of the defendants' counterclaim and their first and second special defenses.
This action is a suit on a promissory note dated April 6, 1993. Four payments were made but then payments stopped and the plaintiff has exercised its option to declare the entire balance due on the note.
In a revised counterclaim the defendants allege their son was a student at the plaintiff school from September 1990 through June of 1993. It further alleges that on or about September 1, 1990 the school agreed to provide educational services to their son. The defendants further allege the school failed to provide these services which included the disclosing of test scores and grades to the defendant parents.
The plaintiff argues that the counterclaim must be stricken since under Practice Book Section 116 it does not "arise out of the transaction . . . which is the subject of CT Page 7179 the plaintiff's complaint." The purpose of PB § 116 has been said to be to promote judicial economy, avoid multiplicity of litigation and avoid piecemeal disposition of what is essentially one action, Wallingford v. GlenValley Assoc., Inc., 190 Conn. 158, 161 (1983), Jackson v.Conland, 171 Conn. 161, 166 (1976). The "transaction test" set forth in PB § 116 "is one of practicality", 190 Conn. at page 161. Unfortunately there is a limit on practicality in Connecticut which appears to be dictated by the language of the Practice Book and the cases interpreting it. The counterclaim must arise out of the transaction asserted in the complaint — it does so if viewing both complaint and counterclaim together they are essentially one action. This "cause of action" language limits the ambit of PB 116 for purposes that have nothing to do with considerations of practicality since if as under the federal rules parties could assert all the claims they had against each other this would certainly encourage judicial economy to the fullest extent.
But interpreting the rules as written the plaintiff makes a persuasive argument that this counterclaim is not permissible under PB § 116. As stated in Bristol Savingsv. EPA Acceptance, 1993 CT Casebase 5325, 5329 which is cited by the plaintiff the counterclaim cannot be said to arise out of the same transaction as alleged in the complaint since it doesn't relate to the "making, validity, or enforcement of [the] note . . . . Instead the counterclaim(s) allege agreements, failures to agree and other actions by the plaintiff which predated or postdated the aforementioned note and which were wholly separate and distinct from the rights and obligations of the parties under the note . . . if the counterclaims are tried separately from the complaint they will not result in a duplication of effort", also see Bristol Savings Bank v.Miller's Chevrolet, 1992 CT casebase 9491, and MarineMidland Bank v. Gibbs, 1993 CT casebase 154 also cited by the plaintiff and cf Finley v. Summus Corp. , 12 Conn. L. Trib. No. 14 p. 48, Conn. Super 13 (1986).
But this for the court does not end the discussion. The defendants have raised two special defenses, — lack of consideration and duress. They claim the parties had previously entered into a Tuition Enrollment Plan where the plaintiff had previously agreed to do the same thing as CT Page 7180 agreed upon in the note — provision of educational services. They claim the note was signed under duress since they were told unless the note was signed their son's grades would not be released. If these defenses were properly pled — viewing the pleadings as a whole — i.e. the complaint and the answer and appropriate special defenses to the complaint — the court doesn't decide but cannot say that it would be inappropriate to regard the counterclaim as arising out of the transaction which is the subject of the plaintiff's complaint. If these special defenses were to be allowed the same evidence and witnesses would need to testify as regards them as would be required to testify in the counterclaim action.
The problem as to the first special defense is that it is completely conclusory and does not comport with the requirements of fact pleading, PB § 108. There is a claim of no new consideration for the promissory note because of a prior Tuition Enrollment Plan but the "plan" is not attached or referenced except to say in that "plan' the plaintiff promised to do the "same thing" as it promised to do in the note. This special defense must be stricken as legally insufficient.
As to the duress special defense the court does not agree with the legal definition plaintiff gives to duress. The plaintiff cites Weiner v. Minor, 124 Conn. 92, 95
(1938) and Second New Haven Bank v. Quinn, 1 Conn. App. 78,82 for the broad proposition that the withholding of the grades is not the type of wrongful conduct necessary to sustain the defense of duress. The plaintiff analogizes this to a situation where a party threatens to bring suit to collect a debt. Where one honestly insists on a payment which he or she honestly believes is due the conduct is not wrongful for duress purposes unless the belief is without reasonable ground, Quinn is cited.
The plaintiff seems to go too far however since evenQuinn seems to recognize that even if one has a valid or reasonably held claim one can go too far in trying to enforce it thereby inducing a contract which would be subject to a duress claim. Quinn, admittedly cryptically, notes that "here there was no fraud, no attempt to plunder the defendant by color of legal process" id. at page 82.Quinn refers to the Restatement of Contracts 2d § 174 et CT Page 7181 seq., see § 176, p. 485, Illustration 7. The Restatement seems to contemplate a situation where a party with a valid claim who threatens what in effect is an abuse of process and thereby forces a contract to be signed can be subject to a defense of duress when the contract is sought to be enforced.
The problem with the second special defense however is the fact that again it is conclusory in that it does not set forth the factual basis — previous contract or understanding for example — on which it could be asserted that the conduct is wrongful or raises a duress defense. There is no allegation that the conduct alleged, holding back the grades, was wrongful and thus could have improperly induced the defendants to sign the note.
The special defenses are both stricken so that the court need not reach the question as to whether in the context of the pleadings in this case the counterclaim could stand if the special defenses had been properly asserted.
Finally the counterclaim cannot be regarded as a set-off since the defendants would be hard put to say it represents a debt independent of the action sued on SavingsBank of New London v. Santaniello, 130 Conn. 206, 210
(1943) and it does not make a claim for a liquidated amount or fall within any of the exceptions allowing a nonliquidated claim. Hartford National Bank Trust Co. v.Riverside Trust Co., 117 Conn. 276, 280 (1933). These rules don't seem to have much to do with the demands of practically but ancient tradition and just as ancient controlling case law must be followed.
The motion to strike is granted.
Corradino, J.