[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was returned to court on July 5, 1994. The complaint contains two counts. The first count asserts that the CT Page 13065 plaintiff loaned the defendant a total of $38,550 between February 7, 1989 and August 1, 1989. The second count alleges that the plaintiff loaned the defendant an additional $17,000 on or about May 11, 1989 and received in consideration therefore a promissory note.
The defendant filed an answer and several special defenses. As to count one, the plaintiff denied that any loans were made to him. As to the second count, the defendant admitted he signed a document on or about May 11, 1989, but denied the remaining allegations of the paragraph which alleges that the note represented an obligation separate and apart from the loans referred to in the first count. The defendant denies that any payments were due or are owing on this note.
The defendant pleaded two special defenses to count one, to wit:
1. Any monies advanced to the defendant by the plaintiff were in the form of an investment in defendant's business, and no repayment obligation exists.
2. Collection of the alleged notes in count one is barred by the three-year statute of limitations as stated in General Statutes § 52-581.
The defendant pleaded three special defenses to count two, to wit:
1. The defendant was under duress when he signed the alleged promissory note on or about May 11, 1989.
2. The alleged promissory note lacks sufficient material terms to form a binding agreement including a date or payment terms, payment schedule and therefore does not satisfy the statute of frauds.
3. Any monies advanced by the plaintiff to the defendant were in the form of an investment in the defendant's business, and no repayment obligation exists. The defendant pleaded one special defense to counts one and two, to wit:
1. The loans alleged in counts one and two represent one transaction in an amount exceeding the sum of $50,000. CT Page 13066
2. The alleged agreement for said loans was neither in writing nor signed by the defendant.
3. This civil action is barred by the Statute of Frauds, General Statutes § 52-550(a)(6).
The plaintiff's reply denied all the allegations contained in all of the defendant's special defenses.
At the time of trial, the plaintiff appeared and testified. The plaintiff was represented by counsel. The defendant appeared and testified but was not represented by counsel. Defendant had been represented by counsel from October of 1994 through June of 1995. In August of 1995, the defendant appeared pro se. On injury from the court, prior to the time of trial, the defendant indicated that he wished to go forward with the trial to represent himself and would rely on the pleadings filed by his former counsel.
The evidence submitted at trial enables the court to find that the defendant is a graduate mechanical engineer with considerable metallurgical and business experience. He has served as the president and chief engineer of a rolling mill in Pennsylvania, which he organized and eventually sold. He organized another metallurgical business in Connecticut in 1959, which he also sold to the Pfizer Company, and he has been engaged as a consultant for various companies including Waterbury Wire, Inc., a Connecticut corporation. The first annual report of Waterbury Wire, Inc. lists him as a vice president of this company. On or about February 7, 1989, he was engaged as a consultant for Waterbury Wire, Inc., in research to produce specialty alloys in an experimental continuous casting process. The initial financing for this process came from the directors of Waterbury Wire, Inc. This source dried up in early 1989, and defendant sought financing elsewhere. Starting on February 7, 1989, and continuing through August of 1989, the plaintiff and David Haddad provided funds to the defendant to permit him to continue to work on the project. The plaintiff is an industrial arts teacher and apartment house remodeler and manager. Haddad is a former teacher presently engaged in small business operations including a pawn shop. Defendant initially contacted Haddad in his pawn shop to complete a series of small loans. Haddad contacted the plaintiff when defendant requested significantly larger loans. Haddad advanced the sum of $4,225 of a total of $38,550 which the plaintiff loaned to the defendant. Exhibit A CT Page 13067 consists of a series of checks drawn by plaintiff payable to defendant. Defendant endorsed these checks totalling $37,050 and admits receiving the funds. Exhibit B, dated May 11, 1989, is a receipt for $1500 which defendant also admits he received. The court notes that defendant endorsed three of these checks from Exhibit A over to Metals Research Corporation, his wholly owned corporation which was the vehicle through which he was developing his process. (Exhibit 3). It is doubtful if defendant ever revealed the existence of Metals Research Corporation to the plaintiff who was untutored in finance in contrast to the sophisticated defendant.
In addition to the sum of $38,550 represented by the checks and receipt, the plaintiff claims by way of a separate transaction that he loaned an additional $17,000 in cash to defendant on May 11, 1989, taking back in return a promissory note. (Exhibit C). Defendant denies receiving these funds and alleged at trial that the note was in fact a device to memorialize the first $17,000 of loans represented by Exhibits A and B. This note was signed by the defendant as an individual and by Waterbury Wire, Inc. Defendant denies he had authority to sign it on behalf of Waterbury Wire and further denies that he was an officer of Waterbury Wire, Inc., despite the fact that he prepared the certificate of incorporation of that corporation (Exhibit E) and is listed as a vice president on the corporation's organization and first annual/bi-annual report (Exhibit D). Defendant's denial at trial is also somewhat inconsistent with the first special defense to counts one and two prepared and filed by his counsel on June 26, 1995. This defense states the loans alleged in counts one and two represent one transaction in an amount exceeding the sum of $50,000.
The note in question (Exhibit C) provides for payment in dollars or capital stock of Waterbury Wire, Inc., in an amount of an equal value. Defendant did not attempt to explain the reason for this despite the fact that it was not Waterbury Wire, Inc., which was developing the process but Metals Research Corp. Nevertheless, the court is not satisfied that the plaintiff has proved by a fair preponderance of evidence that the plaintiff advanced and loaned an additional $17,000 in cash to the plaintiff on May 11, 1989. It is more likely than not that the note represented an attempt on the part of the plaintiff to secure a portion of the funds that plaintiff advanced to defendant by Exhibits A and B. The court finds that these advances were loans not investment in advance of a Connecticut CT Page 13068 Development Authority Loan which either the defendant or Metals Research Corporation or perhaps Waterbury Wire, Inc. were attempting to secure.
Turning to defendant's defenses, the court finds that the defendant has failed to prove that the monies advanced by plaintiff were in the form of an investment. In his second special defense to count one, the defendant raises the three-year statute of limitations statute, General Statutes, § 52-581. The court finds that these loans were subject to the six-year statute of limitations, § 52-576. Campbell v. Rockefeller,134 Conn. 585 (1948).
The court finds that the defendant has failed to satisfy his burden of proof that he was under duress when he signed the promissory note (Exhibit C). The defendant's action in executing the note was entirely voluntary. There were no acts or threats proven on the part of the plaintiff who was merely insisting on security for debts he honestly believed the defendant owed.Weiner v. Minor, 124 Conn. 92, 95 (1938).
The court finds that the defendant's second special defense to count two based on the statute of frauds has not been proven. The note is in writing, is dated, contains the name of the promisor, the promisee, the amount, the interest rate, and is signed by the party to be charged, the defendant. The fact that it does not state a specific due date is not significant. Essentially, the defendant admits receiving substantial amount of funds from the plaintiff but claims that they were in the form of an investment rather than a loan. The court is satisfied that the plaintiff has proven that these funds were advanced to the defendant by way of a loan and not an investment.
The court further finds that despite demand for repayment the sum of $38,550 is presently due and owing to the plaintiff.
Accordingly, the plaintiff may recover from the defendant the sum of $38,550 together with costs and interest from July 5, 1994.
Dorsey, J. State Trial Referee CT Page 13069