[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'SPECIAL DEFENSES
Plaintiff moves to strike all nine special defenses alleged in the answer of defendants' Joseph F. and Constance N. Klett.
In opposition to this motion defendants argue that all the special defenses are permissible because a foreclosure CT Page 1331-X action is peculiarly equitable and "the Court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties."Glotzer v. Keyes, 125 Conn. 227, 231 (1939).
The Supreme Court has on several occasions expressed the general rule that "a trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosures or to reduce the amount of the stated indebtedness." Hamm v. Taylor, 180 Conn. 491, 497 (1980);Olean v. Treglia, 190 Conn. 756, 771 (1983); Lettieri v.American Savings Bank, 182 Conn. 1, 12 (1980), Fidelity TrustCo. v. Irish, 206 484, 490 (1988).
Moreover, since a claim for deficiency judgment is an integral part of the foreclosure action and defenses that could have been raised in the foreclosure proceeding and were not, cannot be raised in the deficiency judgment proceeding, defendant is allowed to plead ab initio, all defenses he may have to both proceedings. Bank of Stamford v. Alaimo,31 Conn. App. 1, 9 (1993).
While at one point the courts limited special defenses in foreclosure action to issues involving the making, enforcement and validity of the mortgage note and mortgage, recently the Superior Court judges have liberally allowed a larger selection of equitable defenses. Bank of New Haven v. Liner,
Ansonia-Milford J.D. at Milford, Docket No. CV91-034516S (April 1, 1993, Curran, J.).
But there is not a completely open door and each new special defense must be carefully evaluated for its appropriateness to the particular facts of the action.
In the instant case, defendants allege as their First Special Defense that plaintiff violated C.G.S. § 49-6d[1] in that plaintiff failed to notify defendants that their legal interests differed from that of plaintiff's.
While this statute was enacted in 1986, in only one other reported case has its non-compliance been alleged as a special defense in a foreclosure action. In that case it was asserted in a commercial loan situation and so the statute, being expressly limited to consumer debtor transactions, was not applicable. Bank of New Haven v. Liner, supra. As dicta, CT Page 1331-Y Judge Curran stated the statute did not create a valid defense in a foreclosure action.
The statute specifically provides that when there is a violation, the consumer "may direct any complaints . . . to the department of banking." The court interprets that provision as meaning the legislature intended such complaints to be the sole remedy for the statute's breach.
The legislative history of the statute supports that interpretation. In the debate on the floor of the House of Representatives, Representative Patton remarked: "In Section 6 of the bill, it would advise the borrower that he does not have to use the creditor's attorney, that he does not in fact have to have an attorney and that he may direct complaints pertaining to those issues to the banking department." 29 H.R. Proc. Pt 13, 1986 Sess. pp. 4857-58.
No reference is made throughout the lengthy debate that failure to comply with the section shall constitute a defense to a foreclosure action. This court refuses to infer from the language used and from legislative history that the legislature intended such a draconian result. Consequently, the court grants plaintiff's motion to strike defendant's first special defense based on a purported violation of § 49-6d.
Defendants' Second Special Defense alleges that plaintiff failed to obtain an appraisal of the subject property before making the loan and therefore was negligent in not assuring that the value of the property would support the loan. Some states do allow a cause of action or a foreclosure defense based on lender negligence.
Connecticut courts have thus far rejected that legal theory. Specifically, no Connecticut case imposes a duty on a bank to obtain an accurate appraisal for the benefit of the borrower when the borrower has not requested or indicated his reliance on one. In Corditz v. Arbor National Mortgage, Inc.,
Fairfield J.D. at Bridgeport, Docket No. CV94-0317401S, (March 10, 1995, Freedman, J.) the court stated "Ordinarily, there is no relationship between a potential lender and a loan applicant upon which to predicate a duty to perform an accurate appraisal for the benefit of the loan applicant."
Accordingly, the court held that without such a duty, the CT Page 1331-Z bank could not have reasonably foreseen the mortgagor would rely on such an appraisal, and a defense based on the failure of the mortgagee to obtain an appraisal is invalid.
The motion to strike defendants' Second Special Defense is, therefore, granted.
Defendant's Third Special Defense alleges that plaintiff violated the federal Equal Credit Opportunity Act, (ECOA)15 U.S.C. § 1691, et seq., by requiring defendant Joseph Klett to be a co-signor of the application of defendant Constance Miller, f/k/a Constance M. Klett, his wife, for the subject loan.
That act at 15 U.S.C. § 1691 (a) prohibits a creditor from discriminating against a credit applicant on the basis of "sex or marital status." The Code of Federal Regulations provides at12 C.F.R. § 202.7 (d) that "a creditor shall not require the signature of an applicant's spouse . . . on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and term of credit requested."
The Act provides for the following penalties as a consequence of a violation: "actual damages sustained by such applicant (15 U.S.C. § 1691e(a)); punitive damages (15 U.S.C. § 1691e(b)); attorney's fees (15 U.S.C. § 1691e(d)); and such equitable and declaratory relief as necessary to enforce the requirements imposed under this subchapter." (15 U.S.C. § 1691e(c)).
The question is whether or not violation of the Act constitutes a valid defense to a foreclosure action.
Three recent Superior Court cases have held that a violation of the Act does not constitute such a defense and have granted motions to strike it. North American Bank Trust Co. v. TFL, Inc., J.D. Waterbury, Docket No. CV95-123953 (March 14, 1995, Pellegrino, J.); Federal Deposit Ins. Corp.v. LRV Company, J.D. Hartford/New Britain at Hartford, Docket No. CV92-0518729 (Sept. 9, 1994, Aurigemma, J.); FederalDeposit Ins. Corp. v. Piccolo, J.D. of Fairfield at Bridgeport, Docket No. CV94-0310755 (June 29, 1994, Freedman, J.). Each of these cases relied upon federal court decisions holding "there is no authority, in statutory language or case law, for the proposition that a violation of ECOA renders an instrument void." Diamond v. United Bank Trust, 776 CT Page 1331-AA F. Supp. 542, 544 (N.D. Okla 1991); Riggs National Bank ofWashington, D.C. v. Lynch, 829 F. Sup. 163, 169 (E.D. Va. 1993). While federal courts recognize that violation of the Act may be the grounds for a counterclaim, "Invalidation of the debt itself is a remedy too drastic for the Court to implement simply by reading between the lines of the ECOA."CMF Virginia Land, L.P. v. Brinson, 806 F. Sup. 90, 95 (E.D. Va. 1992).
The defendants' Third Special Defense, accordingly, is stricken.
The Fourth Special Defense alleges plaintiff failed to honor obligations (1) "pursuant to paragraphs 2; and 13 with respect to payments of hazard insurance;" (2) ". . . pursuant to paragraphs 2 and 13 with respect to notice to defendants relative to insurance escrows." (3) ". . . pursuant to paragraph 15 with respect to providing a confirmed copy of the subject mortgage to the defendants." Defendants, however, never identifies what document the numbered paragraphs are a part of. Thus this Special Defense fails to state a cognizable valid defense and may be stricken.
The Fifth Special Defense alleges the plaintiff violated the federal (15 U.S.C. § 1601 et seq.) and the state (C.G.S. § 36-393, et seq.) Truth-In-Lending acts by failing to give the defendants notice of the right to rescind within three business days. C.G.S. § 36a-683 (h) permits a consumer, then in default on an obligation, to assert a violation of the federal and state truth-in-lending laws, including failure to allow a right of rescission (§ 36a-683a), as a defense in an action to collect amounts owed by the consumer. Since, as indicated above, special defenses relating to both the foreclosure and deficiency judgments may be alleged, the motion to strike the Fifth Special Defense is denied. TalmanHome Fed. Sav. Ln. Assoc. v. Abst, J.D. Hartford and New Britain, at Hartford, Docket No. CV92-0513161S (September 8, 1994 Aurigemma, J.).
The Sixth Special Defense incorporates by reference the five previous special defenses and alleges that such actions of the plaintiff "did not comport with normal banking standards and practices of the banking industry." This special defense fails to state a valid legal defense and is ordered stricken. CT Page 1331-BB
The Seventh Special Defense incorporates the previous six special defenses and alleges that plaintiff by those actions breached the implied covenant of good faith and fair dealing and acted in bad faith and unfairly dealt with defendants. This defense may be subject to a motion to revise, but it states on its face a valid defense which warrants the court not to strike it. Citicorp Mortgage, Inc. v. Kerzner, 8 CTLR 229 (Jan. 15, 1993, Curran, J.).
The Eighth Special Defense incorporates the previous seven special defenses and alleges that the plaintiff by those actions violated the Connecticut Unfair Trade Practices Act, § 42-110a et seq. That act prohibits any person from engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce ( § 42-110b) and allows a person who suffers an ascertainable loss as a result of a violation of the act "to recover actual damages." Some Superior Court decisions permit a violation of CUTPA to be pleaded as a special defense in a foreclosure action,Citicorp Mortgage Inc. v. Kerzner, supra, but in the opinion of this court, such a violation is not a defense to a foreclosure action. Rather it is the basis for a claim for damages and so should properly be pleaded as a counterclaim. Premised on that analysis, the motion to strike the Eighth Special Defense is granted.
The Ninth Special Defense incorporates by reference the eight previous special defenses and alleges plaintiff's claims should be reduced or forfeited on the basis of unclean hands. The defendants, however, have not alleged sufficient facts to state a valid defense and the motion to strike this special defense is granted.
To summarize, the plaintiff's motion to strike is granted as to Special Defenses designated First, Second, Third, Fourth, Sixth, Eighth, and Ninth, and is denied as to Special Defenses designated Fifth and Seventh.
Robert Satter State Judge Referee