[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff People's Bank moves to strike the special defenses and counterclaim filed in this foreclosure action by defendants ECAP Construction, Inc., Lawrence F. Pace, Jr., David Pace, and Loren Z. Pace. The defendants have filed an amended pleading that sets forth five special defenses and a counterclaim. The bank claims the special defenses and counterclaim are legally insufficient. For the reasons stated below, the motion to strike is granted as to the first, third, fourth and fifth special defenses and denied as to the second special defense and CT Page 8733 counterclaim.
The defendant's first special defense is insufficient.[1]
In the absence of any allegation that the actions of the plaintiff in 1993 were wrongful, the defendants have not alleged facts that could constitute extreme duress. Insisting on payment of a debt or security for a overdue debt is not wrongful. "Where one insists on a payment which he honestly believes he is entitled to receive, certainly, unless that belief is without any reasonable ground, his conduct is not wrongful and does not constitute duress." Wiener v. Minor, 124 Conn. 92, 95 (1938). This special defense must be stricken.
The plaintiff does not move to strike the second special defense. It does not address this defense in its memorandum in support of the motion to strike.[2]
The defendants' third and fourth special defenses are insufficient.[3] The defendants have not identified any provisions of the loan documents that they claim are unconscionable. What they have alleged is that the bank did not comply with its own lending and underwriting guidelines. A bank's noncompliance with its lending guidelines does not make a transaction unconscionable. See GE Capital Mortgage v. Joseph F.Klett, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552540 (February 21, 1996; Satter, S.T.R.). (16 Conn. L. Rptr.186) (special defense that plaintiff bank failed to comport with normal banking standards and practices does not state a valid defense.) The defendants have not sufficiently alleged misconduct that attacks the making, validity or enforcement of the note.
The fifth special defense is insufficient.[4] In the fifth special defense, the defendants refer to the allegations of duress in the first through fourth special defenses and further allege that the actions of the plaintiff violate the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a etseq. The defendants do not set forth a defense but allege a claim for damages, which should be properly plead as a counterclaim. The motion to strike this defense must be granted.
The plaintiff also moves to strike the counterclaim. In the counterclaim, the defendants again set forth the allegations of the special defenses and, in addition, allege the bank violated the Connecticut Unfair Trade Practices Act, General Statutes CT Page 8734 § 42-110a et seq. The plaintiff argues the counterclaim is legally insufficient because it is based on "factors outside of a note and mortgage." While a violation of the Connecticut Unfair Trade Practices Act may not provide a defense to a foreclosure action, a violation of the act can support a claim for damages even though the claim is based on factors outside of the note or mortgage. While there may be other grounds upon which to challenge the counterclaim, the court is limited to a consideration of the grounds raised by the plaintiff. The motion to strike the counterclaim is denied.
Based on the foregoing, the motion to strike is granted as to the first, third, fourth and fifth special defenses and denied as to the second special defense and counterclaim.
THIM, JUDGE