[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff People's Bank moves to strike the special defenses and counterclaim filed in this foreclosure action by the defendants Lawrence F. Pace, Jr. and David Pace. The defendants have filed seven special defenses to the first count, three special defenses to the second count, and a counterclaim. The bank claims the special defenses and counterclaim are legally insufficient. For the reasons stated below, the motion to strike is granted as to the first, third, fourth, fifth, sixth, and seventh special defenses and is denied as to the second special defense and counterclaim.
The first special defense to the first count is legally insufficient. In the absence of any allegation that the actions of the plaintiff in 1993 were wrongful, the defendants have not alleged facts that could constitute duress. "Where one insists on a payment which he honestly believes he is entitled to receive, certainly, unless that belief is without any reasonable ground, his conduct is not wrongful and does not constitute duress."Wiener v. Minor, 124 Conn. 92, 95 (1938). The motion to strike this defense is granted.
The plaintiff does not move to strike the second special defense to the first count. The plaintiff does not address this defense in its memorandum in support of the motion to strike.
The plaintiff claims that the third special defense to the first count is insufficient because the defense is based on an oral agreement by the bank to convert an obligation to a thirty-year mortgage. The plaintiff argues that the oral promise falls within the statute of frauds. This argument, however, incorporates facts that do not appear in the pleadings since the defendants have not alleged the agreement was oral. The motion to strike this defense is denied. CT Page 8731
The fourth and fifth special defenses to the first count are legally insufficient and are stricken. A bank's noncompliance with its lending guidelines does not make a transaction unconscionable. See GE Capital Mortgage v. Joseph F. Klett,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552540 (February 21, 1996; Satter, S.T.R.) (16 Conn. L. Rptr. 186) (special defense that plaintiff bank failed to comport with normal banking standards and practices does not state a valid defense.)
In the sixth special defense to the first count, the defendants allege that the bank lent money for the construction of the defendants' residential dwelling and in doing so violated the applicable provisions of the truth in lending statute.[1]
The plaintiff challenges this pleading on the ground the transaction was a commercial transaction and is therefore not governed by either the federal statute, 15 U.S.C. § 1601, etseq., or the state statute, General Statutes § 36-393, etseq. The defendants, however, have alleged facts that indicate the transaction was covered by a truth in lending act. The motion to strike this defense must be denied.
In the seventh special defense to the first count, the defendants allege that the actions of the bank as set forth in the first through sixth special defenses constitute violations of the Connecticut Unfair Trade Practices Act, § 42-110a et seq.
The defendants do not set forth a defense but allege a claim for damages, which should be properly plead as a counterclaim. The motion to strike this defense must be granted.
In the first and second special defenses to the third count, the defendants allege that the bank violated its established lending practices and procedures. These defenses, like the fourth and fifth special defenses to the first count, are insufficient and must be stricken. In the third special defense to the second count, the defendants allege that the actions of the bank as set forth in the first and second special defenses constitute violations of the Connecticut Unfair Trade Practices Act. The defendants do not set forth a defense but allege a claim for damages, which should be properly plead as a counterclaim. The third special defense must also be stricken.
The plaintiffs challenge the counterclaim on the ground the claim is "based upon factors outside of a note or mortgage." The defendants allege, inter alia, that the plaintiff, when making CT Page 8732 the loan to the defendants, engaged in unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act. The defendants allege various acts of misconduct by the bank. While a violation of the Connecticut Unfair Trade Practices Act may not provide a defense to a foreclosure action, a violation of the act can support a claim for damages even though the claim is based on factors outside of the note or mortgage. While there may be other grounds upon which to challenge the counterclaim, the court is limited to a consideration of the grounds raised by the plaintiff.
Based on the foregoing, the motion to strike is granted as to the first, third, fourth, fifth, sixth, and seventh special defenses and denied as to the second special defense and the counterclaim.
THIM, JUDGE